# SUPREME COURT.

## THE MERCHANTS' INSURANCE Co. agt. RICHARD H. HINMAN and wife, and others.

Is a *widow* who has received her distributive share of her deceased husband's personal estate, under any circumstances, bound by law to refund?

That depends upon the proper construction of the words "next of kin," used in the Revised Statutes upon this subject. Sometimes this term "next of kin," is used as comprehending the widow, and sometimes as contradistinguished from her. Its true meaning in any given instance, must depend upon the context and the consequences.

The Revised Statutes, (2 *R. S.* 89,) provide that in case any suit shall be brought upon a claim which shall not have been presented to the administrator of a deceased person, within six months from the first publication of the notice prescribed by law, such administrator shall not be chargeable for any assets he may have paid "in making distribution to the next of kin, before such suit was commenced;" "but any creditor (§ 45,) who may have neglected his claims, may, notwithstanding, recover the same in the manner prescribed by law, of the next of kin of the deceased, to whom any assets shall have been paid or distributed."

The Merchants' Insurance Co. agt. Hinman and wife, and others.

*Held,* that the term next of kin in these provisions, is not used in its strict sense of blood relatives, but with the more enlarged meaning of all relatives of the testator, to whom any assets shall have been paid; and consequently includes the widow, the same as other relatives who have received portions of the personal estate.

In an action after mortgage foreclosure, against the widow, who had received a portion of her deceased husband's personal estate, to recover a balance due on the bond executed by the husband, *held,* that the action was properly brought against the widow, and the claim made against her, as next of kin of the deceased husband.

### *New - York Special Term, October,* 1857.

ROOSEVELT, Justice. The plaintiffs' claim is founded on a bond of Thomas Lewis, deceased, for $20,000. Although secured by a mortgage, which has been regularly foreclosed, a large balance, exceeding $7,000, remains unsatisfied; and it is insisted that the widow, as well as the other next of kin of the deceased mortgagor, (his personal estate having been divided among them,) is bound to refund, to the extent of the plaintiff's claim.

The widow and her second husband, she having married again, demur to the demand, and thus admit the allegation, made in the complaint, that they received, or rather that she as widow of the deceased intestate, received of his personal estate, $18,109, a sum, as will be seen, greatly beyond what is necessary to meet the required contribution. The case, therefore, presents the single question, whether a widow, who has received her distributive share of her deceased husband's personal estate, is, under any circumstances, bound by law to refund?

Where a party dies intestate, the statute provides, (2 *R. S.* 96,) that "the surplus of his personal estate, remaining *after payment of debts,* shall be distributed to the widow, children, or next of kin." Creditors, therefore, before a distribution, it is obvious, have the prior claim, in law as in moral honesty. Does the fact of distribution, so far at least as the widow is concerned, destroy their rights, or which is the same thing, deprive them of all remedy?

In case any suit shall be brought upon a claim which shall not have been presented to the administrator of a deceased person, within six months from the first publication of the notice prescribed by law, it is provided, (2 *R. S.* 89,) that such administrator shall not be chargeable for any assets he may have paid "in making distribution to the next of kin, before such suit was commenced;" "but any creditor (§ 45,) who may have neglected to present his claims, may, notwithstanding recover the same, in the manner prescribed by law, of the next of kin of the deceased, to whom any of the assets shall have been paid or distributed."

What, then, is the manner prescribed by law, and who are the next of kin, intended to be made liable?

Actions, (says the statute, regulating the remedies of creditors in such cases,) against "the next of kin" of any deceased person, to recover the value of any assets that may have been paid to them, may be brought against all of the "said relatives," jointly, or one or more of them, for the amount received by each of them, (2 *R. S.* 451.) And no allowance or deduction is to be made on account of there being "other relatives," to whom assets have also been delivered. But any one "of the next of kin," so made liable, may maintain an action against "all the other relatives of the testator," who may have received any portion of the assets, or against any of them separately, "for a just and equal contribution."

It will thus be seen that the term next of kin, in these provisions, is not used in the strict sense of blood relatives, but with the more enlarged meaning of "all relatives" of the testator, "to whom any assets shall have been paid." The legislature would appear to have had in view, not so much the kinship as the relationship, be it that of blood or marriage, which constituted in the eye of the law, a basis for the claim to a distributive share. The obligation was attached to the right—the burden to the bounty. Numerous instances of the judicial use of the term next of kin, in the sense indicated, will be found cited by counsel in a case in 18 *Vesey*, 50. All the authorities—although somewhat conflicting in other respects—

The Merchants' Insurance Co. agt. Hinman and wife, and others.

agree in this, that the words may be interpreted in that sense, if the context of the statute or instrument, would seem to require such an interpretation. Now, there is no reasonable mode of effectuating the provision that the widow, as well as the other relatives of deceased persons, is only to take the assets "remaining after payment of debts," except by the construction contended for. Suppose a case, not of unfrequent occurrence, in which the widow, no matter how large the estate, takes the whole ; in such case, unless she can be made liable as a relative or next of kin, the creditor in twelve months after his debtor's decease, may be wholly remediless. Such a statute of limitations, with no saving in favor of absentees or minors, or victims of accident, would be too rigorous for endurance. No legislature should be presumed to have so exercised its powers.

Her own rights also, as well as the rights of her husband's creditors, require that the widow should, in some respects, at least, be treated as one of his next of kin. Among other instances, the notice of appraisement is only required to be served on "the next of kin," (2 *R. S.* 82 ;) the right to demand an accounting is confined to the creditors and "next of kin," (*p.* 92 ;) the right to be cited to attend the accounting, is limited to the creditors and next of kin," (*p.* 93.) Can it be presumed that the widow, having generally the larger, and sometimes the sole interest in the appraisement or accounting, was intended in these provisions, to be entirely overlooked?

A careful examination and comparison of the different sections of the several statutes on the subject, have led me to the conclusion that the terms "next of kin," are sometimes used as comprehending the widow, and sometimes as contradistinguished from her; that their true meaning, in any given instance, must depend upon the context and the consequences ; and that in the section more particularly under consideration, she was intended to be embraced in the same manner as other relatives receiving portions of the estate.

Demurrer overruled, and judgment for plaintiff, with costs.