Knickerbacker *v.* Seymour

[ALBANY GENERAL TERM, December 1, 1862. *Hogeboom, Peckham* and *Miller,* Justices.]

---

CATHARINE KNICKERBACKER *vs.* WILLIAM T. SEYMOUR, general guardian of Frances M. A. Knickerbacker and Alida V. Knickerbacker, and the said FRANCES M. A. KNICKERBACKER and ALIDA V. KNICKERBACKER, by W. T. Seymour, their guardian ad litem.

By a deed of conveyance, executed by N. V. K. to J. K., dated May 10, 1828, the grantor conveyed all his estate, both real and personal, to the grantee, upon trust to dispose of, lease and manage the trust estate, to collect and receive the rents, issues and income thereof, and after deducting expenses, to apply, from time to time, so much of the residue of the rents, issues and income to the use and support of the grantor and his family, if he should at

Knickerbacker *v.* Seymour.

any time marry and have a family, during the life of the grantor; and to invest the overplus, if any, for the benefit of the heirs of N. V. K.; and upon the further trust that upon the death of the grantor, the trustee should account for what should remain of the estate, and the rents, issues and income thereof, to the "heirs at law and next of kin" of the grantor, "in the manner and proportions prescribed by the statutes of descent and distribution in this state in cases of persons who die intestate." After the execution of this trust deed, N. V. K., the grantor, married the plaintiff, and died leaving her and two children him surviving. *Held* that the widow was not entitled, under the provisions of the trust deed, to *dower* in the real estate of the grantor. But that she was entitled to one third of the *personal estate*, and the children of the grantor to the remaining two thirds.

THE plaintiff, in her complaint in this action, alleged that on the 19th day of September, 1862, a judgment was entered in a cause in which the said plaintiff, Catharine Knickerbacker, and the said Frances M. A. Knickerbacker, and Alida V. Knickerbacker, defendants herein, by Jeremiah Romeyn, their guardian *ad litem*, were plaintiffs; and John Knickerbacker, defendant, a copy of which was annexed, and a judgment roll in said cause was on the same day filed in the clerk's office of Rensselaer county, which judgment roll the plaintiff prayed might be made a part of the complaint, and prayed leave to refer the same as a part of the complaint. And the plaintiff further alleged that it would appear by the said judgment that the respective rights and interests of the above named Catharine Knickerbacker, Frances M. A. Knickerbacker and Alida V. Knickerbacker, in the property and moneys adjudged to belong to and to be conveyed and paid to them by said judgment, remained to be determined by the further judgment of said court. And the plaintiff claimed and insisted that the said plaintiff was entitled to one equal undivided third part of the moneys and property adjudged to belong to and to be conveyed and paid to said plaintiff and said Frances M. A. and Alida V. The plaintiff therefore prayed for the judgment of the court by which it might be adjudged that said plaintiff, Catharine Knickerbacker, was entitled to one undivided third part of said property and

moneys, or for such other relief, or such further relief as should be equitable and just.

The judgment referred to in the complaint was as follows :

"On reading and filing the report of George Gould, Esq. referee in this case, bearing date the 19th day of September, 1862, it is ordered, adjudged and decreed that the said report and all things therein contained be and the same are hereby confirmed ; and it is further ordered, adjudged and decreed that the plaintiff, Catharine Knickerbacker, Frances M. A. Knickerbacker and Alida V. Knickerbacker, according to their respective rights and interests as the same may be hereafter settled and determined as between themselves, by the judgment of this court, are the owners of, and entitled to the real and personal property, and estate, rents and leases, chattels real and hereditaments mentioned, specified, described and referred to in a deed and the schedule thereto annexed, which bears date the 10th day of May, 1828, and was executed by Nanning V. Knickerbacker, to his father, John Knickerbacker, and which deed and schedule were recorded in Saratoga county clerk's office, in book of deeds, on the 13th day of May, 1828 ; and all rents due and uncollected on said leases, except the real estate in such deed or schedule described as lying in the city of Albany, and excepting also the lot of land therein mentioned as lying in the county of Warren, and the lots therein mentioned, as located in Waterford, Saratoga county. And it is further ordered, adjudged and decreed that the said John Knickerbacker is indebted to the said plaintiffs, Catharine Knickerbacker, Frances M. A. Knickerbacker and Alida V. Knickerbacker, according to their respective rights and interest, to be determined hereafter by the judgment of this court, as aforesaid, on account of the several causes of action set forth in the complaint, in the sum of $86,000, less the amount and value of such of the several leases in fee mentioned in said deed and schedule, which are now held by said John Knickerbacker, said amount and value to be computed as ascertained

by adopting and taking in each case the principal producing at seven per cent per annum, the rent reserved with interest from the last rent day, together with such back rents and interests thereon as may be due and uncollected thereupon, which amount and value so ascertained is to be deducted from the said $86,000 ; and it is further ordered, adjudged and decreed that the said defendant, John Knickerbacker, do release, transfer and convey to the above named plaintiffs, according to their respective rights and interests to be determined thereafter by the judgment of this court, as aforesaid, the said real and personal estate and property, rents, leases, chattels real and hereditaments, and all rents due and uncollected on said leases as aforesaid, and also transfer and convey as aforesaid to said plaintiff his title and interest in said lot, situate in Waterford, subject to his estate therein as tenant by the curtesy, and that said defendants pay as hereinafter provided to said plaintiffs, upon the determination of their respective interests in manner aforesaid and according to such determination, the balance of said sum of $86,000, after applying and deducting the amount and value of said leases in fee now held by the said defendants to be computed as aforesaid. And it is further ordered, adjudged and decreed that the said plaintiffs recover against the said defendants the sum of $86,000, without costs ; and that said plaintiffs have judgment against said defendant for said sum of $86,000, without costs ; and that the amount and value of the aforesaid leases so held by the said defendants be computed and ascertained as aforesaid, and be applied upon and deducted from said judgment as of the date of said judgment, and that the balance of said judgment, so to be ascertained as aforesaid, be paid into the hands of the general guardian of the infant plaintiffs to be held and distributed by him according to the several rights and interests of the respective plaintiffs as the same may be hereafter adjudged as between themselves by the judgment of this court, and that in the meantime, said general guardian make such advances

and payments from the income of said fund as may be neces-
sary and appropriate for the maintenance, support and
education of the plaintiffs, and that such general guardian
also pay to the attorney and counsel of the plaintiffs for their
charges against the plaintiffs herein, and for referee's fees,
the sum of $1400, and that such advances and payments be
a charge on said fund, so as to be paid to said general
guardian as aforesaid, and be deducted therefrom and
apportioned upon the several interests of the plaintiffs
therein, as the court may hereafter direct, and that said John
Knickerbacker, on complying with the terms of this judg-
ment, order and decree, be discharged from the trust created
by said deed, and that his accounts as such trustee be then
deemed settled and closed."

The several defendants, by their answer, admitted the facts
and allegations contained and set forth in the complaint,
except wherein the plaintiff claims and insists that she is
entitled to one equal undivided third part of the moneys and
property mentioned and referred to in the judgment set forth
in said complaint, and in and by said judgment adjudged to
belong to and to be conveyed and paid to said plaintiff and
said Frances M. A. and Alida V.; and as to this last men-
tioned allegation, the defendants denied the same and claimed
and insisted that said defendants Frances M. A. and Alida
V. were entitled to the whole of said moneys and property.
And the defendants for further answer averred and stated,
that the plaintiff intermarried with Nanning V. Knicker-
backer, long after the trust deed made by said Nanning V. to
John Knickerbacker, and referred to in the judgment roll
mentioned in said complaint.

The present action was tried before Hon. GEORGE GOULD
without a jury, at a circuit court held in and for the county
of Rensselaer, in February, 1863. On the trial it was
admitted that Nanning V. Knickerbacker and the said plain-
tiff were married long after the execution by the said Nanning
V. of the trust deed, mentioned in the pleadings herein, and

the acceptance of the trust by the said John Knickerbacker. That Nanning V. Knickerbacker died on the . . . day of . . . leaving two children, the said Frances M. A. Knickerbacker and Alida V. Knickerbacker, defendants herein, and the plaintiff Catharine Knickerbacker, his widow, surviving him. The execution of the said trust deed, and acceptance of the trust were admitted, and said deed was given in evidence. It conveyed all the estate, both real and personal, of the said Nanning V. Knickerbacker to the said John Knickerbacker, "upon trust, nevertheless, that the said party of the second part, his heirs or assigns, or such other person or persons as he shall in and by his last will and testament appoint to execute the trusts created by and expressed in these presents, shall dispose of, lease and manage all and singular the aforesaid trust estates as he or they shall deem most discreet and beneficial for the purposes hereinafter expressed, and collect and receive the .rents, issues and income thereof, and after deducting all necessary expenses which he or they may incur in and about the execution of the trust hereby created, shall from time to time apply so much of the residue of the rents, issues and incomes of the said trust estates to the *use and support of the said party of the first part and his family, if he shall at any time marry and acquire a family, during the natural life of the said party of the first part,* as he, the said party of second part or his assigns, or the person or persons whom he shall appoint as aforesaid to execute the trusts created by these presents, shall deem discreet and reasonable, and shall from time to time invest the overplus, if any, in such manner as the said trustee or trustees shall deem most beneficial and productive for the benefit of the heirs of the said party of the first part; and upon this further trust, that the said trustee or trustees shall upon the death of the said party of the first part well and truly account for what shall remain of the said real and personal estate and rents, issues and incomes thereof, to the heirs at law and next of kin of the

said party of the first part, in the manner and proportions prescribed by the statutes of descent and distribution of this state in cases of persons who die intestate."

The parties then rested, and the court made a decision as follows:

"This action having been now brought to trial and tried before me without a jury, a jury having been waived by the parties thereto, and the proofs and allegations of the parties having been heard and considered by me; I do decide that the said Catharine Knickerbacker is entitled to one undivided third part of the moneys and personal estate and personal property mentioned in the complaint in this action, adjudged to belong to and to be transferred, conveyed and paid to said Catharine and the said Frances M. A. and Alida V. including the rents which fell due on the leases mentioned in said judgment previous to the death of Nanning V. Knickerbacker, on the 7th day of June, 1857, and that said Frances M. A. and Alida V. are each entitled to an undivided third part of said moneys and personal estate and personal property, including said rents, which fell due as aforesaid, and that said Frances M. A. and said Alida V. are each entitled to one undivided half of the real estate and real property adjudged to be transferred and conveyed by said judgment, and the leases in fee referred to in said judgment, and the rents which have fallen due thereon since the death of said Nanning V. Knickerbacker, and that said Catharine Knickerbacker has no interest in said real estate and real property or in said leases or rents, except the rents which fell due before the death of said Nanning V. Knickerbacker. I further decide that the taxable costs of each party be paid to their respective attorneys, by the said defendant William T. Seymour, general guardian, &c. out of the funds in his hands, respecting which this action is brought," &c.

To which decision, so far as the same related to and disposed of the moneys, personal estate and property therein mentioned, the defendants excepted to each and every part

thereof; and so far as the same related to the real estate, real property and leases in fee therein mentioned, the plaintiff excepted to each and every part thereof.

Judgment being entered, the plaintiff appealed from so much thereof as relates to the real estate, real property and leases in fee therein mentioned.

*W. A. Beach*, for the appellant.

*C. L. Tracy*, for the respondents.

*By the Court*, MILLER, J. The conveyance from Nanning V. Knickerbacker to his father, in trust, provides that the trustee or trustees shall, upon the death of the party of the first part, well and truly account for what remains of the personal and real estate, &c. to the "heirs at law and next of kin of the party of the first part, in the manner and proportions prescribed by the statutes of descent and distribution of this state, in cases of persons who die intestate."

The deed itself does not expressly name the widow, and the question arises whether the language employed is sufficient to include her within its provisions.

As the statute of descents contains no provision for the dower right of a widow, dower being provided for by a separate statute, and as there was no legal estate vested in Nanning V. Knickerbacker, at the time of his decease, I think it can not be claimed that the widow was entitled to dower in the real estate, under the deed.

In reference to the personal estate, a different question is presented. I think it must be conceded that the expression "next of kin" may be employed in a deed or will conveying or bequeathing property so as to authorize a construction which will include the wife or widow; and the authorities hold that this must depend upon the intention to be derived from the whole instrument.

The meaning may also be ascertained by considering the

circumstances of the person employing them, the object in view, and the context.

As bearing upon the question as to what was actually intended by the grantor, it should be noticed that the deed provides for the support of his family if he should marry and have any. This, of course, would include the wife, as long as he lived, and from this clause as well as the concluding portion of the deed, it is fairly inferable that at the time of its execution the grantor had in contemplation that he might marry and leave a widow and children surviving him upon his decease. It is unreasonable to suppose, that while he made provision for the one class, he intended to exclude the other from any participation in his estate after his death; in fact, that he designed to cut off his widow from all enjoyment of his property, and to leave her without even a bare support. It would be contrary to the motives which ordinarily control the actions of men in making a disposition of their estate, to believe for a moment that the grantor had any such intention. The only rational theory is, that when the grantor executed this deed, he had in contemplation the probable contingency, that upon his death he might leave a widow and children surviving him, and that he intended to include under the expression "heirs at law and next of kin," his children and one, who, above all others, would have claims upon his protection and his bounty.

Such being the fair intendment as to his intention, I incline to think that the language employed by the grantor in the deed, is sufficient to authorize that intention to be carried out.

The estate is to be distributed in "the manner and proportions prescribed by the statutes of descent and distribution." What is that manner; and what are those proportions? One third to the widow, and the residue in equal proportions to the children. (3 *R. S. 5th ed.* 183, § 82.) The widow must have that one third, thus leaving the remaining two thirds for the children. If the deed does not include the

Knickerbacker *v.* Seymour.

widow's portion, then her one third would be entirely undisposed of. Thus only two thirds of the estate would be divided; a result which could not have been anticipated or intended by the grantor. The deed covered the whole estate, and must necessarily have been intended to dispose of all the property.

Again. The expression "in cases of persons who die intestate" qualifies the previous language, so as to indicate that it was intended to embrace the widow within the words employed. Were it otherwise, the estate could not be thus distributed. If the widow took nothing, and was entirely cut off, then the provisions of the statute, referred to, could not be carried out as provided in the deed.

It is said the deed selects but one class and directs the estate to be divided among these. If such is the case, then, as I have shown, it leaves a portion of the property undisposed of. It not only does this, but it would tolerate a disposition entirely contrary to the plain and clear intention of the party.

I think the construction which I have placed upon the conveyance is also upheld by the case of *The Merchants' Insurance Co.* v. *Hinman,* (34 *Barb.* 410,) where it was decided that the term " next of kin," as used in the section of the Revised Statutes authorizing actions to be brought against the next of kin of any deceased person, to recover the value of any assets that may have been paid to them, was applicable to a widow who had received a portion of the estate. The reasons for upholding the point there decided apply in many respects to the case now under consideration.

In any view in which the question may be regarded, I think that the grantor intended to include the widow, and that she is entitled to one third of the personal estate.

The judgment entered upon the decision of the judge should therefore be affirmed, with costs of the respective parties, to be paid out of the estate.

[ALBANY GENERAL TERM, March 2, 1863. *Gould, Peckham* and *Miller,* Justices.]