Dewey *v.* Goodenough.

[ONONDAGA GENERAL TERM, June 27, 1865. *Mullin, Morgan* and *Foster,* Justices.]

———————

PAMELIA DEWEY *vs.* JOHN B. GOODENOUGH.

In an action against a husband, after his wife's death, to recover money deposited in a savings bank, and the value of promissory notes, claimed to have been owned by the wife in her lifetime, and to have been given to the plaintiff by her in anticipation of death, proof of the declarations of the wife are not competent evidence against the defendant, to show that she was the owner of the demands; where the answer denies that the wife ever was the owner of the property, and claims that it at all times belonged to the defendant in his own right; and where he had the actual control and possession of it, at the time.

Under section 399 of the Code of Procedure, the plaintiff in such an action cannot be allowed to testify as to all the circumstances of the transaction going to show property in the deceased, and a gift thereof to the plaintiff.

The husband is included in the words "next of kin" of his deceased wife, as they are used in section 399 of the Code; he having the right to administer her estate, and to collect the debts due to her; and her personal estate belonging to him, subject only to the payment of her debts.

Dewey *v.* Goodenough.

A thing may well be within the spirit of a statute, although not within the letter; or it may be within the letter and yet not within the spirit of it. And, as a general rule, where a statute is intended to abrogate a common law right, or to confer a right not vested by the common law, it will be so construed as not to go beyond the letter; and not even to that extent, unless it appears to be according to the spirit and intent of the act. *Per* FOSTER, J.

APPEAL from a judgment entered upon a verdict for the plaintiff, rendered at a circuit court held in and for the county of Jefferson, in October, 1864, before Hon. LE ROY MORGAN, justice.

*L. J. Dorwin*, for the appellant.

*John Clark*, for the respondent.

*By the Court*, FOSTER, J. The action was brought to recover the value of certain moneys deposited in a savings bank, and of several promissory notes which the plaintiff alleged that Sarah Goodenough, the deceased wife of the defendant, owned in her lifetime, and gave to the plaintiff in anticipation of death, and which she claimed were improperly withheld from her by the defendant, after the death of his said wife. The main questions on the trial were:

1st. Whether Sarah Goodenough was, in her lifetime, the owner of the property in question, and if she was, then,

2d. Did she transfer it to the plaintiff by a gift, *causa mortis ?*

The notes and evidences of the deposit were in a bureau, of which the defendant had the key; and as he in his first answer denied all the allegations of the complaint, and in his *second* set forth that he was the husband of the deceased, and as such was entitled, at her death, to all her personal estate, subject to the payment of her debts, &c.; that no administration had been granted upon her estate, and that her debts and funeral expenses had not been

ascertained or paid, the plaintiff had the affirmative of showing property in the deceased, and a gift from her.

On the trial the plaintiff was sworn as a witness in her own behalf, and testified that, in 1855, Sarah Goodenough received from the estate of her brother $300, and $200 from her father's estate in 1856. She further testified that on the morning of the 21st of May, 1864, (four days before she died,) "she commenced talking with me about her affairs; she said she supposed the defendant had told me that she did not wish I should come, but it was not so; she told me she had kept her property; that she had not used any of it except the interest."

All the above evidence was objected to, in time, by the defendant, as incompetent. The court allowed the testimony, *subject to proof, to be given by the plaintiff, connecting it with, and showing, the gift ;* to which the defendant excepted; and the witness continued to testify, that "she said she had a certificate of $255, a bank certificate; she had a note against Judson Goodenough of $150, and one against Morris Goodenough of $10," (being the property in question.)

It is now insisted, on the part of the defendant, that the declarations of the deceased were not competent evidence, against the defendant, to show that she was the owner of the demands.

If the defendant claimed the property in dispute solely as the husband of his deceased wife, such declarations, if proved by a competent witness, would doubtless be evidence against *him,* as well as others who should succeed to her rights as her representatives or next of kin; but the issue in this case, in substance, denies that she ever was the owner of the property, and claims that it at all times belonged to the defendant in his own right; and I think the rule of evidence is plain, he having the actual possession and control of it at the time, that her declarations, however proved, were not competent evidence against him.

Dewey *v.* Goodenough.

Again; the plaintiff continued ~~on~~ to give evidence of the conversations and doings of the deceased, to show that she gave the plaintiff the property in question. There was no other objection and exception, appearing in the case, than the one before set forth; and it is quite informal; but I think it sufficiently appears that the ruling was intended to let the plaintiff testify as to all the circumstances of the transaction going to show property in the deceased, and a gift thereof to the plaintiff; and that the exception was intended to, and did, in substance, reach the whole of such testimony. And the question is whether, under the 399th section of the Code, it was competent for the plaintiff, as against the husband of the deceased.

Section 399 prohibits a party from being examined as a witness " in his own behalf, in respect to any transaction or communication had personally, by said party, with a deceased person, against parties who are the executors, administrators, heirs at law, *next of kin*, &c., of such deceased person, where they have acquired title to the cause of action immediately from said deceased person."

There can be no doubt that the defendant had a right to reduce to his possession all the personal property, including the choses in action belonging to his deceased wife at the time of her death; that he alone had the right to administer her estate, and to collect the debts due to her, and her personal estate belonged to him, subject only to the payment of her debts. He took it immediately from her. And if he is included in the words "next of kin," in section 399, then the plaintiff was an incompetent witness to prove the gift from the deceased to herself.

It must be conceded that, strictly and technically, the husband is not *next of kin* to his wife, nor is the wife next of kin to the husband; and yet it does not necessarily follow that section 399 does not include this case.

A thing may well be within the spirit of a statute, although not within the letter; or it may be within the

letter and yet not be within the spirit of it. And as a general rule, where a statute is intended to abrogate a common law right, or to confer a right not vested by the common law, it will be so construed as not to go beyond the letter, and not even to that extent, unless it appears to be according to the spirit and intent of the act. As, for instance, the words *next of kin* in the statute authorizing suits to be brought for negligence, &c., causing the death of a human being, which statute confers a new right to sue, in a case not known to the common law. It is said by DENIO, J., in delivering the opinion of the court, that the husband is not included in that language. (*Dickins* v. *N. Y. Central Railroad Co.*, 23 *N. Y. Rep.* 159, 160.)

.On the other hand, where the statute is intended to enforce a clear moral obligation, or to preserve a common law right, it is enough if the case be within the spirit of the statute; as where the statute (2 *R. S.* 42) authorizes any creditor of a deceased person to recover his claims against the next of kin, &c., to whom any assets shall have been paid or distributed. It is held that a *widow* of the deceased, who has received her distributive portion of the estate, is included in the term *next of kin*, and may be sued by the creditor, for the recovery of his debt; and that that term includes all relatives of the deceased entitled to share in the assets of his estate. (*Merchants' Ins. Co.* v. *Hinman*, 4 *Abb. Pr. R.* 312. *S. C.* 15 *How. Pr. R.* 182, *and* 13 *Abb. Pr. R.* 110.)

" A wife cannot in general claim as next of kin of her husband, nor a husband as next of kin of his wife. But when there are circumstances in a will which induce a belief of an intention to include them under this term, they will be so considered, though in the ordinary sense of the word they are not." (2 *Bouv. Law Dic. title Next of Kin. Hov. Fr.* 288, 289. *Myl. & K.* 82.)

At common law, the party could not be a witness for himself, to prove any part of the issue, and the statute

authorizing it is not to be extended, in his behalf, beyond what it clearly imports; and all rights of others reserved by it are, upon the principles above stated, to be carefully guarded, and its language is to be liberally construed, for their protection. It doubtless was intended to guard the rights of *all* persons who derived their title by descent or distribution, or as representatives of the estate of the deceased; and the mischief of allowing such testimony against the surviving husband would be quite as great as in the cases specifically stated in the statute. In my judgment, it is not a case of omission; but, upon proper principles of construction, is within the statute.

Each portion of the testimony objected to was improperly admitted, and the judgment should be reversed and a new trial ordered, with costs to abide the event.

[ONONDAGA GENERAL TERM, June 27, 1865. *Mullin, Morgan, Bacon* and *Foster,* Justices.]