WILLIAM C. MURDOCK, Executor, etc., *v.* HARRIET ISABEL WARD, Respondent, and ISABEL GODFREY WARD, by Guardian, etc., Appellant.

The will of W. devised and bequeathed his residuary estate to his executors to convert into money, and, after paying debts, etc., to pay the remainder to his children, in equal shares; to his sons, their respective shares when they became of age, or thereafter, in such sums as the executors should deem best; and in case the whole principal should not be paid to them, or either of them, during their lives, then the residue to be "equally divided among and paid to the persons entitled thereto as their, or either of their, next of kin, according to the laws of the State of New York, and as if the same were personal property, and they, or either of them, had died intestate." By another clause, it was provided that if any of the children should die without issue, his or her share should go to the survivors. One of the sons died before his share had been fully paid, leaving a widow and one child. In an action for an interpretation of the will, *held* (MILLER, J., dissenting), that the widow was not entitled to any portion of the residue, but that the whole thereof belonged to the child.

*Murdock* v. *Ward* (8 Hun, 9) reversed.

*Merchants' Insurance Company* v. *Hinman* (15 How. Pr., 182), *Knickerbacker* v. *Seymour* (46 Barb., 198) and *Dewey* v. *Goodenough* (56 id., 54) distinguished.

(Argued November 20, 1876; decided November 28, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department modifying

a judgment, entered upon a decision of the court at Special Term. (Reported below, 8 Hun, 9.)

The nature of the action and the facts are sufficiently set forth in the opinion.

*Clement D. Newman* for the appellant. The child of the deceased son took the whole of his share. (*Slosson* v. *Lynch*, 28 How., 417; 2 Redf. on Wills, 77; *Watt* v. *Watt*, 3 Ves., 244; *Garrick* v. *Camden*, 14 id., 372; *Cholmondely* v. *Ashburton*, 6 Beav., 86; *Withy* v. *Mangles*, 4 id., 358; *Dickens* v. *N. Y. C. Railroad Co.*, 23 N. Y., 158; *Quinn* v. *Hardenbrook*, 54 id., 83.)

*Milton A. Fowler* for the respondent. The widow of the deceased son was included in the term, "next of kin." (*Mer. Ins. Co.* v. *Hinman*, 15 How. Pr., 182; *Fittiplace* v. *Gorges*, 1 Ves., Jr., 46, 48; *Schuyler* v. *Hoyle*, 5 Johns. Ch., 196–206; 2 Kent's Com., 136; *Knickerbacker* v. *Seymour*, 46 Barb., 198–205; *Dewey* v. *Goodenough*, 56 id., 54; 2 Bouv. L. Dict., title "Next of kin;" 2 M. & K., 82; *Eisman* v. *Poindexter*, Sup. Ct. Indiana, June, 1876; 2 Law and Eq., No. 17; *May* v. *Fletcher*, 40 Ind., 575; 2 Redf. on Wills, 400, § 47, subd. 14.)

CHURCH, Ch. J. This action is brought by the executor of the will of James C. Ward, to procure a construction of the fourth clause of the will.

The testator, after certain specific legacies, devised and bequeathed the residue of his estate to his executors to sell and convert into money, and after paying debts and some other charges, to pay the remainder in equal shares to his children, viz., to his sons their respective shares at twenty-one, or at such time subsequently, and in such sums, from time to time, as they should deem advisable and best; and then follows this provision: " And in case the whole of said principal shall not be paid to them, or either of them, during their lives, then the said principal, or such part or portion thereof as may

remain unpaid, to be equally divided among and paid to the persons entitled thereto as their or either of their next of kin, according to the laws of the State of New York, and as if the same were personal property and they, or either of them, had died intestate."

One of the sons died before his share had been fully paid, leaving a widow and child, and the question is whether the child takes the whole estate, or whether the widow takes a part, and if so, what part.

The Special Term held that the widow was entitled to one half, by virtue of the words "equally divided." The General Term modified this decision, and held that the widow was entitled to one-third and the child the remainder, by force of the last sentence, "and as if the same were personal property, and they or either of them had died intestate." The widow did not appeal from the judgment of the General Term, and she cannot therefore claim that it is erroneous. But the serious question is whether she is entitled to any portion of the assets under the provision quoted. If she is, I think the construction of the General Term in favor of one-third instead of one-half is the correct one, because if the last sentence quoted is to override the words "next of kin," or so modify their import as to include the widow, the word "equally" must also yield to its influence, and the distribution must be made in accordance with the statute.

The proper construction of this clause is not free from difficulty. We must not be influenced on the one hand by what we think would be a proper disposition to have been made, and on the other, we must avoid a result reached by the technical meaning of words contrary to the intention of the testator. The question is, what did he mean, and not what we think he ought to have meant.

The words "next of kin" do not legally include the widow. They mean relatives in blood. (Bouv. Dict., "Next of kin;" Redfield on Wills, 77, § 13; 2 Kent Com., 136.)

It has been considerably discussed whether these words used *simpliciter*, mean the nearest blood relations, or mean the

next of kin according to the statute of distribution, including those claiming *per stirpes* or by representation. In *Slosson* v. *Lynch* (28 How. Pr. R., 417), in an elaborate and able opinion by Southerland, J., it was decided contrary to some English authorities that the latter was the correct meaning, and I am not aware that it has been held otherwise in this State. At all events, when reference is made to the statute, the term will receive the same construction as in the statute. (Id.)

It was said in *Fettiplace* v. *Gorges* (1 Ves., Jr., 46), that the husband succeeds to the wife's personal estate as her next of kin, but the authorities do not support this doctrine, and Chancellor Kent says: "But from the language of the English courts it would seem to be more proper to say that he takes under the statute of distribution as husband, with a right in that capacity to administer for his own benefit, for in the ordinary sense, neither the husband nor the wife can be said to be next of kin to the other." (2 Kent's Com. 136, and cases cited.) Although the wife cannot ordinarily claim as next of kin, yet when there are circumstances in a will which induce a belief of such an intention, the term will be so construed. The counsel for the widow has referred to some authorities where this has been done.

*The Merchants' Insurance Company* v. *Hinman and ors.* (15 How. Pr. R., 182), decided that in the statute authorizing a creditor who had neglected presenting his claims to recover the same of the next of kin of the deceased to whom any assets shall have been paid or distributed, the term "next of kin" was not used in its strict sense of blood relation, but with a more enlarged meaning of all relations of the deceased to whom any assets had been paid. This construction turned upon the language of the statute, and reached the substance in disregard of technical words, and held the intention of the statute to be to require those who had received any part of the estate to disgorge to the extent necessary to pay the debts.

In *Knickerbacker* v. *Seymour* (46 Barb. 198) it was held that in a conveyance from son to father, of real and personal estate in trust, to apply a portion of the rents and profits

(among other things) to the use and support of the grantor and his family, if he should marry and have a family, and upon his death to account for what remains to his heirs at law and next of kin * * * in the manner and proportions prescribed by the statutes of descent and distribution of this State, in cases of persons who die intestate, that the widow was entitled to her share. Some stress was put upon the fact that provision was made for the support of the wife; that the grantor contemplated the relation of marriage, and must have therefore anticipated the possible contingency of leaving his wife a widow, and that under the words " heirs at law and next of kin " according to the statute of distributions, it must be presumed that he intended to include her in those words.

*Dewey* v. *Goodenough* (56 Barb. 54) decided that the husband should be regarded as next of kin of his wife within the three hundred and ninety-ninth section of the Code, upon the ground that he came within the " spirit " and intention of the statute. It has also been held that after a testator had made bequests to each of his four children and wife, a bequest of the residue to " my above-named heirs," was intended to include the wife. In all these cases the circumstances indicated an intention to include the wife, and thus relieve the expression used from its legal signification, and the decisions were all placed on that ground. Words are presumed to be used according to their legal signification and established meaning. If the words " as their or either of their next of kin " had not been used, the widow's right would have been clear, but can we disregard them? They are not repugnant to the statute of distribution. There is no incongruity or repugnancy in requiring distribution to the next of kin according to the statute, and hence these words must have their legal meaning, and this view seems to be sustained by the authorities.

In *Garrick* v. *Camden* (14 Vesey, Jr., 372), the provision was " I direct the same to be divided amongst my next of kin as if I had died intestate." Held that the widow did not take. In *Chalmondeley* v. *Ashburton* (6 Beav., 86), the provision was, " in trust for such person or persons as would at

the decease of the said George James Chalmondeley be entitled to his personal estate as his next of kin according to the statutes for the distribution of personal estate of persons dying intestate, if the said George James Chalmondeley had died intestate without having been married to the said Catharine Francis." George James survived his wife Catharine Francis and married the defendant Mary E. Townsend, who claimed a distributive share. The master of the rolls said, " if the words 'next of kin' had been omitted, I should have no doubt that the widow would be then entitled, but having been inserted, I must give them full legal effect, and look for the persons whom the law designates by that expression." (See also, 3 Vesey, 244 ; 4 Beav., 358 ; 23 N. Y., 158.)

I have examined the other provisions of the will to see if an intention might be inferred to include the widow of any of the sons dying, and I do not find any thing evincing such an intention ; on the contrary there is an express provision that if any of the children die without issue, his or her share shall be paid to the survivors, thus ignoring the wife of any of the sons, and the husband of any of the daughters, and evincing a clear intention on the part of the testator not to give them, as such, any portion of his estate.

It is said that the fact of issue might have changed his intention in this respect ; it might, but there is no evidence and no circumstance indicating that he intended any distinction. The provision that if all the children should die without issue, the income should be paid to the testator's wife during her life, and after her death to his (the testator's) next of kin according to the statute, tends to manifest a like intent.

If we might, by a somewhat unnatural construction of the language itself, give the widow a portion of the estate, these provisions, it seems to me, furnish such evidence of a contrary intention as to prevent our doing it without overturning the fundamental rule for construing wills, of giving effect if practicable, to the intention of the testator.

Looking at all the provisions of the will it appears to me that the testator designed to keep his estate as far as practica-

ble in the hands of those of his own blood. He has used apt phrases and words for that purpose, and, however much we might wish it otherwise, we have no alternative but to declare the law as it is.

The judgment of the General Term must be reversed and the child declared entitled to the whole estate, costs of all parties to be paid out of the fund.

All concur, except MILLER, J., dissenting.

Judgment accordingly.