SARAH E. BETSINGER, RESPONDENT, *v.* B. FRANKLIN CHAPMAN AND NICHOLAS N. BETSINGER, AS ADMINISTRATORS, ETC., APPELLANTS.

<table>
<tr><td>24</td><td>15</td></tr>
<tr><td colspan="2">11ap395</td></tr>
<tr><td>24h</td><td>15</td></tr>
<tr><td colspan="2">53ad649</td></tr>
<tr><td>24h</td><td>15</td></tr>
<tr><td>73</td><td>AD 307</td></tr>
</table>

*Widow — when included in the term next of kin — 2 R. S., 114, §§ 9 and 10.*

Although a widow is not entitled to a share in the estate of her deceased husband as one of his next of kin, yet she is included in that term as used in sections 9 and 10 of 2 Revised Statutes, 114, authorizing an action to be brought " by any legatee, or by any of the next of kin entitled to share in the distribution of the estate," against the executor or administrator thereof, to recover his legacy or distributive share.

APPEAL from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought by the plaintiff against the defendants, as administrators of the estate of Peter Betsinger, deceased, to recover her distributive share of his estate as his widow, under sections 9 and 10, title 5, chapter 6, part 2 of the Revised Statutes.

The plaintiff claimed that she was married to the defendants' intestate on the 24th day of May, 1863, while the defendants claimed that the marriage did not take place until January 20, 1864, and that prior to such marriage, viz., January 19, 1864, the plaintiff

entered into an ante-nuptial agreement with the intestate whereby she was to receive $200 at his death in lieu of dower and of all demands and claims against the property and estate of the said intestate.

This action has been twice tried. The first trial was had before the court, without a jury, at the Madison Circuit, in February, 1879. The court found the facts as claimed by the plaintiff in her complaint, and upon such findings judgment was entered in favor of the plaintiff against the defendants for the sum of $16,908.76, including costs. The defendants appealed from that judgment to the General Term, where the judgment was reversed and a second trial granted, costs to abide the event. The case came on again for trial on the 16th day of June, 1880, at the Madison Circuit, before Justice FOLLETT and a jury, and a verdict was found for the plaintiff for the sum of $15,105.

The defendants' counsel made a motion for a new trial on the judge's minutes, which was denied, and the defendants appealed from the order denying a new trial to this court.

At the close of the evidence, the defendants' counsel moved for a nonsuit on the following grounds:

1. That the plaintiff was not entitled to maintain this action under the statute, because she is neither a legatee or next of kin, and that the widow is not entitled to bring this action.

2. On the whole case, the court should direct a verdict for the defendants on the ground that the proof is not sufficient to entitle the plaintiff to go to the jury, and not sufficient in law to authorize the plaintiff to recover.

The court denied the motion.

*C. B. Sedgwick*, for the appellants.

*Shoecraft, Bennett & Tuttle*, for the respondent.

BOARDMAN, J.:

This action was first tried before a justice of this court without a jury. The judgment rendered upon that decision was reversed upon the facts and a new trial granted. It was then the duty of this court to review the findings of facts and to reverse if it

believed them erroneous. The case has been again tried, this time before a jury, and a verdict rendered for the plaintiff. An appeal is now taken from an order of the court refusing to grant a new trial. A different rule now controls the disposition of this last appeal. Before, we were at liberty to weigh the evidence and judge for ourselves whether it was rightly decided. Now, if we find any evidence from which the jury might have legally inferred a marriage between intestate and the plaintiff, in May, 1863, she was entitled to have that issue submitted to the jury. This distinction between a trial by the court and a trial by a jury is too well established to need citations of authorities. The verdict of the jury as to any matter properly submitted is conclusive, in the absence of passion, prejudice or corruption.

After a decision in plaintiff's favor first by a learned justice of this court and afterwards by the verdict of a jury, it would be unreasonable to suppose there was no evidence upon which such verdict could stand. In fact the reading of the evidence shows a very considerable amount of evidence which legitimately tends to establish a marriage in May, 1863. A good part of it consists of the declarations and conduct of the parties. Some of this evidence is very weak and some of it uncertain in its significance. The inferences that might be drawn therefrom are seriously attacked by the proof of the later marriage and by the execution by the plaintiff, just prior thereto, of an ante-nuptial contract, reciting therein that she and the intestate were about to be married. This conduct, so inconsistent with the theory and allegation of a marriage many months before, is answered by intestate's declarations showing possible motives therefor. Some new evidence is produced on the second trial on behalf of the plaintiff, which if believed by the jury would, and doubtless did strengthen her case. But it is not for us now to indicate any opinion upon the weight of evidence or the correctness of the verdict. It is sufficient to say it was a question of fact properly submitted to the jury upon competent evidence. Their verdict concludes us upon the facts.

The appellants, however, insist that the plaintiff cannot maintain this action because the right of action is only given by statute to legatees and next of kin (2 R. S., 114 [Edm. ed., 118], §§ 9 and 10), which provides that the administrator " shall be liable " in such

cases for distributive share, " to such action as the case may require at the suit of the legatee or next of kin " entitled to distributive share of estate. The widow is not strictly one of the next of kin, and·so it is contended she has no right of action given her for her distributive share.

The cases which hold that the widow is not next of kin relate to her right to take as distributee of the estate. (*Murdock* v. *Ward*, 67 N. Y., 387; *Garrick* v. *Camden*, 14 Vesey, Jr., 372; *Dickins* v. *N. Y. C. R. R.*, 23 N. Y., 158; *Luce* v. *Dunham*, 69 id., 36; reversing S. C., 7 Hun, 202; *Keteltas* v. *Keteltas*, 72 N. Y., 312.) In these and other similar cases the question was : Can the widow take a share of the estate under the designation of next of kin ? and it was held she could not. . This relates to the right.

In the case under consideration the question is, can the widow, under the designation of next of kin in the statute, maintain an action to recover a distributive share of an estate which the statute clearly gives her ? This relates to the remedy and will be controlled by the object and intent of the statute.

By section 42 of 2 Revised Statutes, 90, it is provided that " any creditor who may have neglected to present his claims as aforesaid, may, notwithstanding, recover the same in the manner prescribed by law of the next of kin and legatees of the deceased, to whom any assets shall have been paid or distributed."

Under this statute it was held that the words "next of kin," were not used in their strict legal sense of blood relatives, but were plainly intended to include all those who had received assets of the estate and, therefore, included the widow. Therefore the widow was held liable in an action against her under said section. (*Merchants' Ins. Co.* v. *Hinman*, 15 How. Pr., 182.) Upon appeal to the General Term, the decision of. the Special Term was affirmed in the respect stated. (S. C., 34 Barb., 410.) This case is recognized as properly decided in *Murdock* v. *Ward* (67 N. Y., 390), where the opposite rule is applied to a case for distribution.

The distinction between the two cases is also quite elaborately discussed by SUTHERLAND, J., in *Slosson* v. *Lynch* (N. Y. General Term, 28 How. Pr., 417, 422), in *Dewey* v. *Goodnough* (56 Barb., 58); FOSTER, J., making the same distinction, says: " Where the statute is intended to enforce a clear moral obligation    *    *    *

it is enough if the case be within the spirit of the statute," citing *Merchants' Ins. Co.* v. *Hinman (supra).*

Without further reference to authorities, we conclude it was the spirit and intent of the statute to give all persons entitled to a distributive share in the hands of an administrator a right of action therefor. Hence it must follow that this action was properly brought by the widow against the administrators, defendants.

The evidence of Mrs. Remington was excessively weak. It can scarcely be considered evidence of anything. Still it would have been proper for the plaintiff to have proved that her husband was applied to on Sunday, May 24, 1863, to go down to the tavern and marry a couple. Such evidence, in connection with the age and personal appearance of the person applying, would have corroborated the plaintiff's case. The attempt was made, but a rigid cross-examination betrayed the weakness, if not worthlessness, of the evidence given. We do not see, however, that any error was committed in the admission of such testimony, for which a new trial should be granted. No other grounds of error are urged.

The order denying a motion for a new trial should, therefore, be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed with costs.