(57 Misc. Rep. 500.)

UNITED STATES TRUST CO. v. MILLER et al.

(Supreme Court, Special Term, New York County.)

1. WORDS AND PHRASES—"NEXT OF KIN."

The term "next of kin" does not include the widow of testator, in the absence of any evidence of an intent to include her in the class which the term is employed to designate.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4798–4804; vol. 8, p. 7732.]

2. TRUSTS—CONSTRUCTION OF TRUST DEED—NEXT OF KIN.

A trust deed provided for the payment of the income of certain personalty to the founder of the trust or his son, with similar trusts for the benefit of his other children, with a provision that, on the death of any one of the children after the death of the father leaving no child or descendant of a child surviving, then on further trust to pay over to the next of kin of such child so dying, according to the laws of distribution then in force. Held, that the statute of distribution in force at the death of such son controls, and, on the distribution of the estate on the termination of the trust, the widow of said son is not entitled to participation.

Action by the United States Trust Company of New York against Daniel S. Miller and others for an accounting.   Decree rendered.

Stewart & Shearer (Geo. L. Shearer and Williamson Bell, of counsel), for plaintiff.

Cannon & Cannon (Charles M. Cannon and Wilfred N. O'Neil, of counsel), for defendants Emily Noyes, Daniel S. Miller, individually, and Harriet A. Dickinson, Charles E. Appleby, and Daniel S. Miller as executor of Daniel S. Miller, deceased.

Salter & Steinkamp, for defendant Dwight C. Harris.

Wm. D. McNulty, for defendant Isabel E. Miller as administratrix of John B. Miller, deceased.

Pierce & Greer, for defendants George J. Gould and Howard Gould.

Leonard & Walker, for defendants Edwin Gould, Helen M. Gould, Anna Gould, and Frank J. Gould.


LEVENTRITT, J.   Daniel S. Miller, by deed dated November 21, 1865, set apart six parcels of personal property in trust directing that the income from "Parcel No. 6" be paid over to himself "during the life of John B. Miller, son of the said party of the first part, if the said party of the first part shall so long live, and in case of his death before the said John B. Miller, then in trust to pay over such net produce, dividends, interest and profits to the said John B. Miller during the term of his natural life and upon his death leaving a child or children" the property to be divided as further provided.   Then follows this provision:

"And this indenture is declared to be made upon this further trust, that * * * in case of the death of any of the said children of the said party of the first part after him and leaving no child or children or descendant of a child him or her surviving then on the further trust to pay over to the next of kin of such child so dying according to the laws of distribution then in force in the state of New York the whole of said parcel of stock herein set apart and declared to be held in trust for the said child of the said party of the first part so dying."

John B. Miller, the son, died after the founder of the trust, leaving a widow, but no children nor descendants of any deceased child or children.   The trusts created having terminated, the plaintiff asks that its accounts as trustee be passed, and that a distribution of the corpus of the estate be decreed.   Two questions are presented with respect to the distribution of "Parcel No. 6": (1) What statute governs the determination of the persons entitled to take and the proportions they shall receive?   (2) Is the widow of John B. Miller, deceased, entitled to share as one of the "next of kin"?

The trust deed itself furnishes the answer to the first question.   It provides that, in the event of the death of any one of the children of the founder of the trust after him, leaving no children or descendant of a child him or her surviving, "then on the further trust to pay over to the next of kin of such child so dying according to the laws of distribution then in force in the state of New York."   This language requires no construction, and it is clear that the statute of distributions in force at the time of the death of John B. Miller must control.   The widow of John B. Miller is not embraced in the class "next of kin"

between the members of which "Parcel No. 6" is to be ultimately divided, and she is not entitled therefore to share therein. Section 1870 of the Code of Civil Procedure, relating to decedents' estates, contains this definition:

"The term 'next of kin' as used in this title, includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent, after the payment of debts and expenses, other than a surviving husband or wife."          .

Section 2514, governing Surrogates' Courts, reads:

"(12) The term 'next of kin,' includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed residue of the assets of a decedent after the payment of debts and expenses, other than a surviving husband or wife."

Section 2732, relating to distribution, provides:

"If there be no widow, and no children, and no representative of a child, the whole surplus shall be distributed to the next of kin."

"The words 'next of kin' * * * are usually limited in legal meaning, as in common use, to blood relations and do not include a husband or wife." 14 Cyc. 34.

In this state it has uniformly been held that the term "next of kin" does not include the widow of a testator, in the absence of any evidence of an intention to include her in the class which the term is employed to designate. Murdock v. Ward, 67 N. Y. 387; Tillman v. Davis, 95 N. Y. 17, 47 Am. Rep. 1; Burns v. Burns, 190 N. Y. 211, 82 N.'E. 1107; Matter of Devoe, 171 N. Y. 281, 63 N. E. 1102, 57 L. R. A. 536.

In the case last cited the Court of Appeals by Cullen, J., says:

"It is conceded that in its primary meaning the term 'next of kin' includes neither a widow nor a husband. I think that it is settled by authority in this state that a direction that the property shall be distributed among the next of kin the same as in the case of intestacy is not sufficient to extend the meaning of the term 'next of kin' so as to include either of the relatives named, though he or she would share in the property of the deceased if it were a case of actual intestacy. * * * It might be more decent, where a large estate is given to a man for life, the principal to go to his issue or to his heirs, to make some provision for his wife, in case she survives him. An examination of the cases, however, shows that it is not the prevalent practice, and that a testator rarely makes provision for the surviving wife of the life tenant, and in the analogous case of a surviving husband practically never makes provision for him, unless in a few exceptional instances where the husband is in existence at the time and known to the testator."

That language is pertinent here. No facts are shown indicative of an intention to include the widow of John B. Miller in the term "next of kin," and the deed of trust contains no intimation of such an intention. Furthermore, at the time the deed was executed John B. Miller was unmarried. The case of Betsinger v. Chapman, 88 N. Y. 487, does not apply as it involved a construction of the words "next of kin" as used in the Revised Statutes (Rev. St. 114, pt. 2, c. 6, tit. 5, § 9) authorizing "next of kin entitled to share in the distribution of the estate" of a decedent to commence an action against the executor or administrator. It was held that the words "next of kin," in a strict or primary sense, did not include the widow, but that,

as the widow would have been without any remedy under the statutes if she was excluded from its beneficent provisions, she came within the spirit of the section.

It follows that the widow of John B. Miller is not entitled to participate in the distribution of "Parcel No. 6." Decreed accordingly.