## Holt v. Rudolph, et al.

(Decided March 18, 1919.)

### Appeal from McCracken Circuit Court.

Deeds—Construction of Words "Nearest Relatives"—Description of Parties Who May Take.—Under a deed conveying land to "A" and if she died without issue, "to her nearest relatives at her death," on the death of "A" without issue a child of a sister who

died before she did took an equal share in the land with her only surviving brother.

D. G. PARK and E. H. PURYEAR for appellant.

A. M. NICHOLS and BRADSHAW, NICHOLS and McDONALD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Affirming.

In 1875 A. N. Holt conveyed to his daughter, Penina E. Trice, a tract of land in Ballard county "To have and to hold her natural life unless she has an heir living, then the said land belongs to the children at her death, if no child living the said land comes back to her nearest relatives at her death."

At the time the deed was made A. N. Holt had three living children—Penina E. Trice, the grantee in the deed, M. V. Rudolph, a daughter, and J. P. Holt, a son.

Before the death of either A. N. Holt or his daughter, Penina, his daughter, M. V. Rudolph, died, leaving surviving her three children, who are the appellees here. Penina E. Trice died childless, and after her death this controversy came up between J. P. Holt, the only brother of Penina, and the children of her deceased sister, M. V. Rudolph, as to the interest they had in the land conveyed by A. N. Holt to his daughter, Penina E. Trice. The issue between them turns on the meaning of the words "nearest relative," in the deed. J. B. Holt insists that being the only brother of Penina he is her "nearest relative" and entitled to the whole of the land, while the children of M. V. Rudolph contend that they are entitled to one-half of it as the heirs at law of M. V. Rudolph, the only sister of Penina.

The lower court adjudged that the land should be divided equally between the brother and the children of the deceased sister, and J. P. Holt prosecutes this appeal.

So far as our investigation goes the exact question here presented has not come before this court, but there are many cases from courts of last resort in other states construing the meaning of the words "nearest of kin," "nearest of relatives" and "next of kin," as found in wills, and there is marked difference of opinion in the decisions as to who these words include. This difference of opinion, however, may in many instances be at-

tributed to the efforts of the court to arrive at the intention of a testator in the use of the words. In some cases it was held that the intention of the testator as gathered from the surrounding circumstances and the instrument would indicate a purpose that the estate should go to those who were in the strict meaning of the words the nearest relatives or nearest of kin, while in others the rule ascribing to these words the meaning given to them in the Statute of Descent and Distribution prevailed. Illustrative of cases on this subject are: Clark v. Mack, 161 Mich., 545, 28 L. R. A. (N. S.) 479, and the cases found in the notes; Storer v. Wheatley, 1 Penn. St. 506; Sturner v. Weitemeyer, 126 Wis. 660, 5 Ann. Cas. 508; Lemuel v. Locke, 45 N. J. Eq. 97; In Re Altdorfer, 225 Penn. St. 136; Pinkham v. Blair, 57 N. H. 226; Slosson v. Lynch, 43 Barb. N. Y. 146; Murdock v. Ward, 67 N. Y. 387.

But it seems to us that the decision of this court in Graves v. Spurr, 97 Ky. 651, announces the principle that is controlling in this case. In that case the testator gave to his grandchild, Eleanor Graves, certain real estate and provided it should go "at her death to her child or children, and if she leaves none, to her brother and sisters." The question before the court was whether the estate devised to Eleanor Graves, who died without issue, went at her death to her then living brother and sisters to the exclusion of a child of one of her sisters who died before she did, and the court held that the child of the deceased sister took his mother's share in the estate of Eleanor Graves and was entitled to equal interest therein with her surviving sisters and brother.

We are unable to make any distinction between the meaning and effect of a provision devising the estate on the death without issue of a devisee "to her brother and sisters," and the meaning and effect of a provision giving the estate of the devisee upon her death without issue "to her nearest relatives." If in the Graves case a child of a deceased sister took his mother's part and shared equally in the estate with the surviving brother and sisters of the devisee, so in this case the children of a deceased sister should share equally in the estate of the devisee with her brother, who was her nearest relative at her death. The words "nearest relatives" in one case and the words "sisters and brother" in the other

describe the same class of people. In the Graves case the brother and sisters of Eleanor Graves were her nearest relatives at her death and in the case we have the nearest relative of Penina Trice was her brother, J. P. Holt.

We also think this construction conforms to the intention of A. N. Holt in the deed conveying this land to his daughter, Penina. It is hardly reasonable to assume that the father intended to exclude his grandchildren from participation in the estate devised to Penina in the event she died without issue, and accordingly we think what A. N. Holt intended to and did do was to provide that in the event of the death of his daughter, Penina, without issue the land given to her should go to those persons who would take the same under the Statute of Descent and Distribution.

Wherefore the judgment is affirmed.