## MILN P. PALMER, Respondent, v. MARY A. DUNHAM AND OTHERS, APPELLANTS.

*Will — construction of a provision giving a remainder over to the next of kin of such beneficiaries, entitled to estates in remainder, as should die — effect of a death before that of the testatrix.*

A testatrix, who made her will in 1876 and died in 1877, gave to her executors the sum of $20,000, to invest and pay over the net interest and income thereof to her niece, Mary A. Dunham, for and during her natural life, and upon her death to pay over such principal sum to her lawful issue, share and share alike. The will further provided: "In case of the death of any of the beneficiaries, or persons entitled to a share in the investment herein directed to be made, before the time limited for the payment thereof, my will is that the same be paid over to their next of kin as, according to the statute of distribution, their personal estates would be divided and distributed."

Mary A. Dunham had three sons, David H. Dunham, who is now living; John P. Dunham, who died in 1886; Edgar A. Dunham, who died before the making of the will. John A. Dunham left him surviving three children, and Edgar A. Dunham left him surviving a daughter, Annie P. Dunham.

*Held,* that the two sons of Mary A. Dunham, living at the time of the death of the testatrix, took vested estates in remainder in the property which was left to their mother for life, and that, upon the death of either of them before their mother, his share descended to his next of kin, pursuant to the provisions of the last paragraph of the will above stated, and that the provision of such paragraph in favor of the next of kin of a deceased beneficiary had no application whatever to the case of the next of kin of the child, Edgar A. Dunham, who died before the making of the will in question, and that Annie P. Dunham took nothing thereunder.

APPEAL by several of the defendants from portions of the judgment herein, which was entered in the office of the clerk of the county of New York on the 23d day of July, 1888.

The appeal by the defendant Annie P. Dunham was from said judgment, so far as the same sustains the report of the referee as to his tenth, eleventh and twelfth conclusions of law therein recited, and overrules the exceptions taken to said report by this defendant, and, further, from the following provisions of said judgment, to wit:

"And it is further ordered, adjudged and decreed that defendant Annie P. Dunham is not entitled to any portion of the remainder of the trust fund, the income of which was to be paid to Mary A. Dunham, and which was created by the first subdivision of the second clause of the will of the said Frances B. Hegeman, deceased;

but the principal of the said trust is to be divided equally between defendant David H. Dunham, who is to take one-half thereof, and the defendants Maud A. Dunham, Alden B. Dunham and Edgar A. Dunham, who will together take the other half thereof; and that, as soon as he shall qualify, the said Miln P. Palmer, hereby appointed trustee, pay to defendant David H. Dunham one-half part of the principal of said trust fund, together with the net income thereof, since the death of said Mary A. Dunham, and that he pay to defendants Maud A. Dunham, Alden B. Dunham and Edgar A. Dunham each one-sixth part of the principal of said trust fund, together with the net income thereof since the death of the said Mary A. Dunham.

"And it is further ordered, adjudged and decreed that, under and by virtue of the third clause of said last will and testament, the said defendant David H. Dunham is entitled to one forty-sixth part of the residuary estate, and the defendants Maud A. Dunham, Alden B. Dunham and Edgar A. Dunham are together entitled to one forty-sixth part of the said residuary estate; and that as soon as he shall qualify, the said Miln P. Palmer, hereby appointed trustee, pay one forty-sixth part of the residuary estate, with the net income thereon since the death of said Mary A. Dunham, to defendant David H. Dunham, and another forty-sixth part of the residuary estate, with the net income thereof since the death of Mary A. Dunham, to defendants Maud A. Dunham, Alden B. Dunham and Edgar A. Dunham, share and share alike."

*Sidney B. Stuart*, for Annie P. Dunham, appellant.

*A. P. & W. Man*, for the plaintiff, respondent.

*Joseph S. Wood*, for David H. Dunham, defendant, respondent.

*Abel E. Blackmar*, for the guardian *ad litem* of the infant defendants, respondents.

VAN BRUNT, P. J.:

Frances B. Hegeman made her will in 1876 and died in 1877. Among the nieces which she left surviving was Mary A. Dunham, mentioned in the will, who died on the 30th of July, 1887. Mary A. Dunham had three sons, David H. Dunham, who is now living, John P. Dunham, who died in 1886, and Edgar A. Dunham, who

died in 1871, before the making of the will in question. Edgar A. Dunham left him suviving a daughter, the appellant, Annie P. Dunham, and John P. Dunham left him surviving three children, Maud A. Dunham, Alden P. Dunham and Edgar A. Dunham, Jr. By the second clause of the testatrix' will she provided as follows :

" *Second.* I give, devise and bequeath to my executors hereinafter named, and the survivor of them, so much of my estate in trust, nevertheless, as will enable them to make the following investments and to pay the legacies hereinafter named, that is to say :

" *First.* To invest the sum of twenty thousand dollars and pay over the net interest and income thereof to my niece, Mary A. Dunham, for and during her natural life, and upon her death to pay over said principal sum to her lawful issue, share and share alike."

And then follow twenty-four other provisions for investments or payment of legacies, and after a residuary clause, by the fourth clause of the will the testatrix provides that " in case of the death of any of the beneficiaries or persons entitled to share in the invest-, ments herein directed to be made before the time limited for the payment thereof, my will is that the same be paid over to their next of kin, as according to the statute of distributions their personal estates would be divided and distributed."

The questions presented are : First, who were meant by the lawful issue of Mary A. Dunham in the second clause of the will ; and, second, what was meant by the fourth clause of the will above cited ? Did it mean that in case of the death, prior to the making of the will, of any person who would have been comprehended within the term lawful issue, as used in said will, had they survived the testatrix, the next of kin of such deceased person should take the share which such person would have become entitled to had he been living at the death of the testatrix.

It is conceded that, by the decision in the case of *Palmer* v. *Horn* (84 N. Y., 516), an interpretation has been put upon the words " lawful issue," as used in the will in question, and that it was held, in that case, that the word " issue " was intended to mean children. It is not necessary to discuss this question, because it seems to have been determined by the decision in question. The second clause of the will, therefore, is to be read as though it had provided for the investment of the $20,000, the payment of the net interest and

income thereof, to Mary A. Dunham during her natural life, and upon her death to pay over the principal to her lawful chilldren, share and share like.   It seems to be clear from this language that the children of Mary A. Dunham took a vested remainder in this $20,000.   A brief reference to the statutes defining estates seems to place this beyond doubt.

Section 7, page 722 of 1 Revised Statutes, provides as follows : Estates, as respects the time of their enjoyment, are divided into estates in possession and estates in expectancy.

Section 8 :   An estate in possession is where the owner has an immediate right to the possession of the land.   An estate in expectancy is where the right to the possession is postponed to a future period.

The children of Mary A. Dunham, therefore, had an estate in expectancy, the right of possession being postponed until her death.

Section 9 :  Estates in expectancy are divided into (1) estates commencing at a future day, denominated future estates, and (2) reversions.

Section 10 :  A future estate is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate created at the same time.

The estate of the children of Mary A. Dunham, therefore, was a future estate, limited to commence upon the termination of a precedent estate, namely, that in which Mary A. Dunham was interested, created at the same time.

Section 11 :  Where a future estate is dependent on a precedent estate, it may be termed a remainder, and may be created and transferred by that name.

Section 13 :  Future estates are either vested or contingent.   They are vested, when there is a person in being, who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate.   They are contingent, whilst the person to whom, or the event upon which they are limited to take effect, remains uncertain.

The estate, therefore, of the remaindermen, under the clause in question, was vested because there were persons in being who would have an immediate right to the possession of the estate upon the

death of Mary A. Dunham; namely, her children or lawful issue, who were surviving at the time of the death of the testatrix.

By section 2 (p. 773) of the Revised Statutes, it is provided that the limitation of future or contingent interests in personal property shall be subject to the rules prescribed in relation to future estates in lands. Therefore, under the definition of vested remainders as contained in the statutes, upon the death of the testatrix, the children of Mary A. Dunham then living took a vested remainder in this sum to be invested for the benefit of their mother during her life, which, under the statute, they had the power to convey or to will. Section 35 of 1 Revised Statutes, 725, provides: Expectant estates are descendible, devisable and alienable in the same manner as estates in possession. Now, under this condition of affairs, what did the testatrix mean by the provision contained in the fourth clause of the will, namely, "that in case of the death of any of the beneficiaries or persons entitled to share in the investments herein directed to be made before the time limited for the payment thereof, my will is that the same be paid over to their next of kin, as, according to the statute of distributions, their personal estates would be divided and distributed."

The children of Mary A. Dunham, as has been seen, becoming vested with a remainder upon the death of the testatrix, were beneficiaries under the will; they were persons entitled to share in the investment therein directed to be made before the time limited for the payment thereof to them, and they were the persons who are meant by the fourth clause. And, apparently, in order to prevent the alienation of these vested remainders or the devising of such remainders away from the persons who would take under the statute of distributions, it was provided by the will that, in case of their death before they were entitled to possession, their share should be paid over to their next of kin, according to the statute of distributions. It is evident that this is what the testatrix meant, to prevent the alienation of these expectant estates, and nothing less and nothing more. And although it is claimed that inapt and inartificial language has been used, yet it seems to us that she has defined, with peculiar accuracy, the situation of these remaindermen, viz., that they were beneficiaries under the will, as they were; that they were the persons entitled to share in the investment therein

directed to be made, and that they had acquired an interest therein before the time limited for the payment thereof, namely, the termination of the precedent estate. It, therefore, follows that the two children surviving at the time of the death of the testatrix, having taken vested remainders in the provision that was made for their mother during her life, upon the death of either of them before their mother, his share is descendible to his next of kin, pursuant to the provisions of the fourth clause, and that the fourth clause has no application whatever to the case of a child dying before the making of the will in question.

That part of the judgment appealed from should be affirmed, with costs to be paid out of the estate.

MACOMBER and BARTLETT, JJ., concurred.

The part of judgment appealed from affirmed, with costs, to be paid out of the fund.