## BALEN *v.* YOUMANS *et al.*

*(Supreme Court, Special Term, New York County.  November 17, 1892.)*

1. WILLS—CONSTRUCTION—VESTED REMAINDER.

Testator devised to his wife a life estate in all his real estate not sold by the executors under the power contained in the will, which power was never exercised. The will provided that, "at and after the decease" of his wife, testator devised to his two daughters named, and to the children of his deceased daughter, B., all his real estate; "that is to say, one-third part thereof to each of my daughters," (naming two,) "and the remaining third part thereof to the children of my deceased daughter," B., to be held, owned, and enjoyed by them respectively, and by their respective heirs and assigns, forever.  At the death of testator there were living three children of B., one of whom died prior to the death of the widow.  *Held*, that each of the three children of B. took a vested remainder in one undivided ninth of testator's real estate, and that the heir of the deceased child was entitled to her interest.

2. SAME—DEATH OF DEVISEE.

Assuming that the devise to the children of B. was to them as a class, the interest of each child vested on the death of testator, and such interest was not divested by the death of such child prior to the death of the life tenant.

Action by Peter Balen against Sarah E. Youmans and others for the partition of certain real estate devised by Charles L. Stickney, deceased.  There was a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.  Overruled.

*Bostwick, Morrell & Bates,* (*Charles F. Bostwick,* of counsel,) for plaintiff.  *Henry A. Foster,* for defendants.

INGRAHAM, J.  The action is brought to partition certain real estate that was vested in one Charles L. Stickney, who died on the 1st of June, 1879, leaving a last will and testament.  The plaintiff claims to be the owner of an undivided share of such real estate as heir at law of his daughter, who was a granddaughter of the said testator, and the question to be determined is whether or not the daughter of the plaintiff took an interest in the real estate under the will which descended to her heir at law upon her death, and this depends upon the construction to be given to the will of the testator.  By the third clause of the will, the testator gives to his wife a life estate in all his real estate, except so much as should be sold by his executors under the power of sale contained in the will.  That power was never exercised, and the widow has since died.  By the tenth clause of the will, the testator provides as follows: "At and after the decease of my said wife, Mary Elizabeth, I give, devise, and bequeath to my two daughters Emma L. Jacquelin and Sarah E. Youmans, and to the children of my deceased daughter, Mary A. Balen, all the real estate to me belonging, except," etc.; "that is to say, one-third part thereof to each of my daughters, Emma and Sarah, and the remaining third part thereof to the children of my deceased daughter, Mary, to be held, owned, and enjoyed by them respectively, and by their respective heirs and assigns, forever."  At the time of the testator's death there were three children of his deceased daughter, Mary, Emma, and Ann Maria, and prior to the death of the widow, Mary died intestate, leaving her father (the plaintiff here) the surviving and only heir at law.  It seems to me clear that upon the death of the testator, each of the children of his deceased daughter, Mary, took a vested remainder in one undivided ninth of the testator's real estate.  The Revised Statutes provide that future estates are vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate.  1 Rev. St. p. 723, § 13.  And in this case, upon the determination of the precedent estate, viz., the life estate vested in the testator's widow, each of these children of his daughter Mary would be entitled to one undivided ninth of the testator's real estate.  The provisions of the Revised Statutes were ex-

amined by the presiding justice in his opinion in the case of *Palmer* v. *Dunham*, (Sup.) 6 N. Y. Supp. 47, where, after citing section 13, before cited, he said: ."The estate, therefore, of the remainder-man under the clause in question was vested because there were persons in being who would have an immediate right to the possession of the estate upon the death of Mary A. Dunham, viz., the children or lawful issue who were surviving at the time of the death of the testatrix." And here, at the time of the death of the testator, there were persons in being who would have an immediate right to the possession of the estate upon the death of the widow, viz., the children of the deceased daughter who were surviving at the time of the death of the testator. The one undivided ninth of the testator's real estate having therefore vested in his granddaughter Mary at the time of his death, it would follow that upon her death such vested remainder passed to her heirs at law, unless we can find in the will a clearly expressed intention that there should be some other disposition of the property, and I fail to find such intention expressed.

Counsel for the defendants claim that the bequest to the children of his deceased daughter, Mary, was to them as a class, and not as individuals. Assuming this to be so, it would affect only the share of those dying before the death of the testator, and would not divest the share that had become vested at the time of his death. All the cases cited by counsel for the defendants that discuss this question are cases where the children of a class died before the testator, and where no property had vested in any of the class designated, and it was there held that, where one of the class died before the estate vested, the property goes to the others of the class, and not to the testator's heirs at law. Under these decisions, had one of the children of his deceased daughter, Mary, died prior to his death, the survivors would have had a vested remainder as tenants in common in one third of the estate; for the will speaks as of the time of the death of the testator, and he must be considered as having intended that the individuals of the class living at the time of his death should be the persons who should be benefited by the devise. The words used by the testator in the tenth clause, that "at and after the decease of my said wife, Mary Elizabeth, I give, devise, and bequeath," did not determine the vesting of the estate until the death of his wife, but merely indicated when the remainder shall take effect in possession. See *Livingston* v. *Greene*, 52 N. Y. 121, where it was expressly held that a devise, "from and after the decease of my beloved wife I give and bequeath all my real estate to all my children," and to "their heirs and assigns, forever," created a vested remainder in the testator's real estate at his death. It is a well-settled principle that a vested estate in fee created by a will cannot be cut down or limited by a subsequent clause, unless it is as clear and decisive as the language of the clause which devises the estate. *Byrnes* v. *Stilwell*, 103 N. Y. 460, 9 N. E. Rep. 241. I can see nothing in this will to indicate that the testator intended that the ordinary meaning should not be given to the words used in the clause of the will in question, and the estate at once vested in the children of his deceased daughter, and he reiterates his intention by providing in the thirteenth clause of the will a residuary clause that gives one-fourth part of his residuary estate to the children of his deceased daughter. I think, therefore, that the plaintiff is the owner, as heir at law of his deceased daughter, of one undivided ninth of the property mentioned in the complaint, and that the demurrer must be overruled, and judgment ordered for plaintiff, with costs, with leave to defendants to answer within 20 days on payment of costs; decision and judgment to be settled on notice.