JAMES N. PLATT, as Trustee, etc., Respondent, *v.* ANDREW H. MICKLE et al., Respondents. LIZZIE MICKLE, Individually and as Executrix, etc., Appellant.

Husband and wife are not next of kin to each other and, to extend the meaning of those words, when used in a testamentary gift by either, so as to include the other, such an intention must definitely appear from the context or other portions of the will.

The will of R. created a trust in one-fourth part of her residuary estate for the benefit of her grandson B. during his life. Upon his death, said one-fourth part was given " to such persons as shall be the heirs at law and next of kin" of B. in such parts as they would have respectively been entitled to, in case B. had owned the same and had died intestate. In an action among other things to determine who were entitled to said part upon the death of B., who died leaving a widow and two children, him surviving, *held,* that the widow was not entitled to a share therein, but that it went to the children.

(Argued January 17, 1893 ; decided January 31, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 31, 1892, which affirmed a judgment in favor of

plaintiff, entered upon a decison of the court on trial at Special Term.

This action was brought by plaintiff, as trustee under the will of Rachel Miller, deceased, to have his account settled and the balance in his hands distributed to those entitled.

The facts, so far as material, are stated in the opinion.

*H. G. Harris* for appellant. This case must be decided by the law as it existed and was understood at the date of this will. At the date of the will, 1847, "heirs" and "next of kin" were used in wills to include in their meaning the husband or widow. (*Ellis* v. *Lewis*, 3 Harris, 310 , *De Kay* v. *Irving*, 5 Den. 646 ; *Wolfe* v. *Van Nostrand*, 2 N. Y. 440.) The contention of the respondents that when the words "heirs" or "next of kin" are used in a will, they must be construed strictly to mean descendants or relations by blood, excluding husband or widow is not founded on principle or authority. (2 Jarman on Wills, 61 ; 10 Ala. 303 ; *Jewell* v. *Jewell*, 28 Cal. 232; *Cunningham* v. *Doe*, 1 Ind. 94 ; *Nicholas* v. *Pursgell*, 21 Iowa, 265 ; *Brown* v. *Belvearde*, 3 Kan. 41 ; 89 Mass. 72 , *Wade* v. *Cushman*, 45 Me. 250 ; 14 Ohio, 140 ; *Gibbons* v. *Fairland*, 26 Penn. St. 217 ; *Ely's Appeal*, 84 id. 245 ; 4 Hawks, 393 ; *Richards* v. *Miller*, 62 Ill. 417 ; *Knickerbocker* v. *Seymour*, 46 Barb. 198 ; *M. Ins. Co.* v. *Hinman*, 15 How. Pr. 182 ; *Betzinger* v. *Chapman*, 88 N. Y. 487; *Clark* v. *Lynch*, 46 Barb. 68 ; *In re Vowers*, 113 N. Y. 559.) This court has indicated its intention of fully concurring in the principle that when a testator invokes the statute of intestacy to assist him in the distribution of his estate, he is presumed to accept and adopt its provisions in full. (*Richards* v. *Miller*, 62 Ill. 417; *Gibbons* v. *Fairland*, 26 Penn. St. 217; *Ely's Appeal*, 84 id. 245 ; 100 Mass. 348 ; *Baskin's Appeal*, 3 Penn. 304; *Bailey* v. *Bailey*, 25 Mich. 185 ; *Cook* v. *Cantlin*, 25 Conn. 387.) Any argument on behalf of respondents that the Code establishes or recognizes a meaning for the term heirs at law and next of kin excluding the widow is fallacious.

(*Whittaker* v. *Whittaker*, 6 Johns. 112; *Schuyler* v. *Hoyle*, 5 Johns. Ch. 112; *Betzinger* v. *Chapman*, 88 N. Y. 494; *Curt* v. *Russ*, 1 P. Wms. 383.) Any contention of the respondents that the estate to be distributed is to be considered as real estate and not as personal property does not benefit the respondents. (*Bundy* v. *Bundy*, 38 N. Y. 421, 422; *Woodward* v. *James*, 115 id. 359.) The context and the whole will and the circumstances of the particular case show testator's intention to be to have the estate distributed in accordance with the provisions of the intestate law, as if it were the property of Geo. Benj. Mickle at his decease. (*Doe* v. *Gallini*, 6 B. & Ald. 640; *Phillips* v. *Davies*, 92 N. Y. 208; *Crozier* v. *Bray*, 120 id. 366; *Woodward* v. *James*, 115 id. 346; *Shewabb* v. *Bartley*, 2 M. & K. 149; *Heard* v. *Case*, 23 How. Pr. 546; *Taggart* v. *Murray*, 53 N. Y. 233.)

*John W. Weed* for respondents.

Gray, J. In the distribution of this trust fund, held by plaintiff as trustee under the provisions of the will of Rachel Miller, deceased, Andrew and George Mickle, sons of her deceased grandson, George Benjamin Mickle, claim to be entitled to share, to the exclusion of Lizzie Mickle, the widow of their father. She insists upon her right to share in it, upon the ground that she should be regarded as one of her husband's next of kin; to whom Rachel Miller by her will had given her grandson's share upon his decease. Turning to the will in question, which was made in 1847, we find that she had created a trust in one-fourth of her residuary estate for the benefit of her grandson, during his life, and directed that such trust estate should determine upon his decease. I will quote her further language: "And I thereupon after his decease give, devise and bequeath all his said one-fourth part of the said rest and residue of the said trust estate then being in the hands of my said executors and trustees, the survivor or survivors of them, their heirs, legal representatives or successors, to such person or persons as shall then be the heirs at law and

next of kin of my said grandson George Benjamin respectively, in such parts, shares and proportions as, having regard to the form in which the said estate shall then exist, such heirs and next of kin would have been then respectively entitled thereto and therein by law if my said grandson had been seized thereof in fee simple as an inheritance on the part of his mother, or possessed of the same, and he had died intestate and they had inherited or become entitled thereto from my said grandson George Benjamin Mickle."

The appellant wants us to hold that the words "next of kin" were not used in their strict technical sense and that they should be so liberally construed as to include her, and she thinks there would be justification for our so doing; in view of the scheme of the will and of the circumstance of her marital relation. But there is nothing in this, or in any other part of the will, or in the fact of her marriage, which, in any view, could lead us to suppose that the testatrix had in her mind persons who would not answer strictly to the designation of next of kin of her grandson. It is conceded and it, perforce, must be conceded that in construing this testamentary provision we must be guided by what appears to have been the intention of the testatrix. So far as its language goes, it is most explicit. Husband and wife are not and never were regarded as next of kin to each other. By the primary meaning of these words only relatives in blood are understood. To extend their meaning, so as to include a husband or a wife, such an intention must definitely appear from the context, or other portions of the will. In this case, in the utter absence of anything from which it might be possible to deduce such an intention, to give them the interpretation contended for would be to disregard a fundamental rule in such cases. The case is governed by *Murdock* v. *Ward* (67 N. Y. 387), and the other authorities cited below by Judge LAWRENCE, in his careful opinion. I find no authority for giving to these words an enlarged sense, in the absence of something in the context, or of some requirement of a statute, which would furnish the court with a reason for doing so. Here, as I have said, there

is nothing which, being rationally considered, would justify us in reading these words in any other than their strict legal sense and, therefore, the judgment should be affirmed, with costs to the respondent to be paid by the appellant.

All concur.

Judgment affirmed.