In the Matter of the Application of MARGARET C. DEVOE, Appellant, for an Order Directing the Payment to her of Certain Funds Held by MILN P. PALMER, as Trustee under the Will of FRANCES B. HEGEMAN, Deceased.

MILN P. PALMER, as Trustee, etc., et al., Respondents.

WILL — WHEN TERM "NEXT OF KIN" INCLUDES NEITHER WIDOW NOR HUSBAND OF DECEDENT. Where a will provides that in case of the death of certain legatees before the term limited for the payment thereof the share of any deceased legatees shall "be paid over to their next of kin as, according to the statute of distributions, their personal estates would be divided and distributed," the widow of a deceased legatee is not entitled to share in the legacy her husband would have taken had he been living at the time of the payment thereof, since the primary meaning of the term "next of kin" includes neither a widow nor a husband, and the direction that the legacy of a deceased beneficiary be paid over to his next of kin, according to the statute of distributions, is not sufficient to extend the meaning of the term to include the widow, although she would share in the property of the deceased if it were a case of actual intestacy.

*Matter of Devoe,* 66 App. Div. 1, affirmed.

(Submitted May 5, 1902; decided May 20, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 7, 1901, which affirmed an order of Special Term confirming the report of a referee appointed to take proof and report as to the persons entitled to certain trust funds.

The facts, so far as material, are stated in the opinions.

*Hector M. Hitchings* for appellant. The principal of the fund in question vested in Edmund M. Devoe at the time of

the death of the testatrix. (*Barker* v. *Woods*, 1 Sandf. Ch. 29; *Embury* v. *Sheldon*, 68 N. Y. 227; *Nelson* v. *Russell*, 135 N. Y. 137; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Palmer* v. *Dunham*, 52 Hun, 468; *Cropley* v. *Cooper*, 86 U. S. 167; *Jones* v. *Knoppen*, 14 L. R. A. 293; *Wengerd's Appeal*, 13 L. R. A. 360; *Goebel* v. *Wolf*, 113 N. Y. 405; *Connelly* v. *O'Brien*, 166 N. Y. 406.) The vested remainder of Edmund M. Devoe was not and could not be divested, changed or altered except by his death before the testatrix. (*Paget* v. *Melcher*, 156 N. Y. 405; 20 Am. & Eng. Ency. of Law [1st ed.], 838; *Kalish* v. *Kalish*, 166 N. Y. 368; *Goodwin* v. *Coddington*, 154 N. Y. 286; *Matter of Stafford*, 11 Misc. Rep. 438; *Van Nostrand* v. *Moore*, 52 N. Y. 18; *Palmer* v. *Horn*, 84 N. Y. 519; *Chwatal* v. *Schreiner*, 148 N. Y. 683; *Soper* v. *Brown*, 136 N. Y. 244; *Johnson* v. *Brasington*, 156 N. Y. 181; *Wetmore* v. *Parker*, 52 N. Y. 452.)

*Joseph S. Wood* for respondents. The remainders given in the will are contingent. (*Clark* v. *Cammann*, 160 N. Y. 315; *Steinway* v. *Steinway*, 163 N. Y. 200; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 130; *Warner* v. *Durant*, 76 N. Y. 136; *Colton* v. *Fox*, 67 N. Y. 349; *De Lancy* v. *McCormack*, 88 N. Y. 174; *Delafield* v. *Shipman*, 103 N. Y. 464; *Paget* v. *Melcher*, 156 N. Y. 405.) The mother of Edward M. Devoe was his next of kin; his wife was not. (*Murdock* v. *Ward*, 67 N. Y. 389; *Luce* v. *Dunham*, 69 N. Y. 39; *Keteltas* v. *Keteltas*, 72 N. Y. 315; *Tillman* v. *Davis*, 92 N. Y. 21; *Platt* v. *Mickle*, 137 N. Y. 106; *Betsinger* v *Chapman*, 88 N. Y. 487.)

CULLEN, J. I concur in the view of Judge O'BRIEN regarding the difficulties and perplexities which attend the construction of wills. I admit that they proceed largely from the inaccurate use of language in the instruments, but I insist that they are also largely occasioned by the conflicting decisions of the courts. I think a review of the numerous antagonistic decisions cited by Mr. Jarman in his work on Wills makes it

apparent that this is a most potent factor in the creation of the difficulties. The trite aphorism that the intention of the testator is to be deemed the polar star in the interpretation of a will has, it seems to me, but little application where the very subject in controversy is, what was that intention. The state has a great interest in this subject, for it is certainly to the public detriment that the construction of wills should create such a large and increasing field for litigation, thus involving not only uncertainty in the tenure and titles of property, but imposing a great cost on the state itself. It is conceded that in its primary meaning the term " next of kin " includes neither a widow nor a husband. I think that it is settled by authority in this state that a direction that the property shall be distributed among the next of kin the same as in the case of intestacy is not sufficient to extend the meaning of the term " next of kin" so to include either of the relatives named, though he or she would share in the property of the deceased if it were a case of actual intestacy. The clause of the will in construction on this appeal is : " In case of the death of any of the beneficiaries or persons entitled to share in the investments herein directed to be made before the time limited for the payment thereof, my will is that the same be paid over to their next of kin as, according to the statute of distributions, their personal estates would be divided and distributed." The argument is that the property cannot be paid over according to the Statute of Distributions unless the widow be allowed to share. I am not disposed to underrate the force of this contention, and if it were an original proposition it might command my assent. Let us see, however, how far it is consistent with the decided cases. In *Murdock* v. *Ward* (67 N. Y. 387) the will provided that upon the death of the beneficiaries without receiving the principal then it was " to be equally divided among and paid to the persons entitled thereto as their, or either of their, next of kin, according to the laws of the State of New York, and as if the same were personal property, and they, or either of them, had died intestate." The same argument was there made for extending

the meaning of "next of kin" as has been advanced in this case. Yet this court held, reversing the decision of the General Term, that the widow did not take. In *Luce* v. *Dunham* (69 N. Y. 36) the will, after a gift to testator's wife of the homestead and a legacy, proceeded : "All the rest, residue and remainder of my estate, real and personal, present and hereafter to be acquired and wherever situated, I give, devise and bequeath, and do desire and will that the same shall be divided among my heirs and next of kin in the same manner as it would be by the laws of the State of New York had I died intestate." It was held that the widow did not take, and it is to be remarked that in that case the decision was against the testator's own widow, not as here against the widow of a legatee. Speaking of the argument made here Judge Rapallo said : " This same position was taken and argued by counsel with much force in the case of *Murdock* v. *Ward* (67 N. Y. 387), and it was urged that a distribution could not be made according to the statute without including the widow. Some of the judges, while the case was under considera- tion in this court, were strongly inclined to maintain the position contended for, but a full examination of the authori- ties constrained them to abandon it, and it was finally held that where the bequest was to the next of kin, the addition of the words, ' according to the statute as in case of intestacy,' was not sufficient to enlarge the class of legatees so as to include the widow." The question again came before this court in *Platt* v. *Mickle* (137 N. Y. 106). In that case the will read : " And I thereupon after his (the life tenant's) decease give * * * said rest and residue * * * to such person or persons as shall then be the heirs at law and next of kin of my grandson George Benjamin respectively, in such parts, shares and proportions as, having regard to the form in which the said estate shall then exist, such heirs and next of kin would have been then respectively entitled thereto and therein by law if my said grandson had been seized thereof in fee simple as an inheritance on the part of his mother, or possessed of the same, and he had died intes-

tate, and they had inherited or become entitled thereto from my said grandson." Again it was held that under such a provision the widow was not entitled to share in the estate. Judge GRAY there wrote: "The case is governed by *Murdock* v. *Ward* (67 N. Y. 387), and the other authorities cited below by Judge LAWRENCE, in his careful opinion. I find no authority for giving to these words an enlarged sense, in the absence of something in the context, or of some requirement of a statute, which would furnish the court with a reason for doing so." Plainly the learned judge did not deem the qualification that the distribution should be made as in case of intestacy to constitute "something in the context" to justify interpreting the term "next of kin" in an enlarged sense. Of course, the language used differs in the different cases, but the effect of it is the same in all. In fact, the appellant's argument could have been more forcibly made in any of the cases cited than in the one before us. Nor is there any such uniformity of sentiment on this subject as there is with reference to the disinheritance of children, an intent to effect which the courts are loath to impute to a testator unless it be unmistakably expressed, and properly loath, because in all probability the testator had no such intent. It might be more decent, where a large estate is given to a man for life, the principal to go to his issue or to his heirs, to make some provision for his wife, in case she survives him. An examination of the cases, however, shows that it is not the prevalent practice; and that a testator rarely makes provision for the surviving wife of the life tenant, and in the analogous case of a surviving husband practically never makes provision for him, unless in a few exceptional instances where the husband is in existence at the time and known to the testator.

Reliance is placed by the appellant on the case of *Betsinger* v. *Chapman* (88 N. Y. 487). It was there held that a widow could bring an action to recover her distributive share under sections 9 and 10, title 5, chapter 6, part 2 of the Revised Statutes, authorizing such suits to be maintained "by any legatee or by any of the next of kin." That decision pro-

ceeded, however, on the ground that unless the term "next of kin" in this title of the statute was given this extended meaning, no provision was to be there found providing for the citation of the widow on an accounting for making a decree thereon conclusive against her, or for enabling a creditor of the estate to recover from her the value of the assets thereof she might have received. In that case Judge ANDREWS refers to the cases of *Murdock* v. *Ward* (67 N. Y. 387) and *Luce* v. *Dunham* (69 N. Y. 36), but in no respect does he criticise either. The decision cannot, therefore, be considered as impairing the authority of the earlier cases. However that may be, *Platt* v. *Mickle* (*supra*) is the last authority in this court and is controlling. I think that the decisions of this court, on the construction of provisions in wills similar to the one now before us, have created a rule of property which we are not justified in overthrowing, especially where the proposition that the testator might have had a different intent from that which we have ascribed to him is the merest surmise. Probably he never thought on the subject, and what testamentary disposition he would have made had the contingency that has arisen been called to his attention, no one can tell.

The order appealed from should be affirmed, with costs payable out of the estate.

O'BRIEN, J. (dissenting). The original proceeding in this case took the form of an application to the court, by petition, for an order directing the payment to the petitioner of the fund in the hands of a trustee under the will of Frances B. Hegeman, who died in the year 1878. The will was executed two years before and disposed of a large estate. It contained various trusts to terminate in the distant future, only one of which is involved in this appeal. The *corpus* of this trust amounts to the sum of $7,336.95, and the only question is, in what manner and to what persons it should be distributed under the terms of the will.

This will is now before this court for the third time

(*Palmer* v. *Horn*, 84 N. Y. 516; *Palmer* v. *Dunham*, 125 N. Y. 68), and the history of the litigation confirms the familiar observation of Lord COKE in *Roberts* v. *Roberts* (2 Bulst. 130), that "wills and the construction of them do more perplex a man than any other learning, and to make a certain construction of them this *excedit jurisprudentum artem.*' The wisdom of this remark is even more apparent now than it was in his day, owing to the complex nature of human affairs, the poverty of language or the inaccurate use of it in the instrument. Arbitrary rules frequently have to yield to circumstances and conditions, and a word, a phrase or a sentence in one will may have a clear and certain meaning, while the same word, phrase or sentence in another will may have a different scope and meaning where the circumstances, conditions and general purpose of the testator are different. The question in this case, in its last analysis, involves only an inquiry as to the sense in which the testatrix used the term "*next of kin.*" That term, we know, comprehends, in its primary and strict legal sense, only blood relations, but in a broader and more general sense it is used to designate the persons who are entitled to share in the distribution of personal property in cases of intestacy.

There is little room for dispute with respect to the general scope and purpose of the two short provisions of the will in which the term is to be found, and reference need be made to only one of the trusts, since it is the disposition of the *corpus* of that trust that constitutes the present controversy. The testatrix gave to the trustees twenty thousand dollars, in trust, to be divided into as many shares as there were children of her niece, who was named, "living at my death, and that they keep the same invested and apply the income or interest from one of the said shares to the use of said children respectively, and on the death of said children respectively that they pay over the principal and accumulations of interest to their issue and descendants according to the statute of distributions in case of intestacy." By a subsequent provision of the will the testatrix provided as follows: "In case of the death of any of

the beneficiaries or persons entitled to share in the investments herein directed to be made before the time limited for the payment thereof, my will is that the same be paid over to their next of kin as according to the statute of distribution their personal estate would be divided and distributed." The event suggested in this clause actually happened and that is what gives rise to the present controversy.

One of the children of the testatrix's niece provided for in this trust for her life was Letitia Devoe. She had one child, Edmund M. Devoe, who became a resident of Colorado in 1892 and died there August 4, 1899, at the age of thirty-three, leaving his mother and his widow, the petitioner in this proceeding, him surviving. This young man must, therefore, have been about ten years old at the date of the will and twelve when the testatrix died. Letitia, his mother and the life tenant, however, survived him and died in Colorado in the same year as her son and about three months thereafter. The courts below have held that although the fund would have gone to Edmund had he survived his mother, yet, he having died before her, she became and was his sole next of kin and took the fund as such and that upon her death it passed to her administrator and that the widow of Edmund, who is the petitioner, was not entitled to share in the distribution at all.

It was held by the courts below and both sides now insist, that the remainder vested on the death of the testatrix, and we have affirmed the judgment in which that point was distinctly decided. (*Palmer* v. *Dunham*, 52 Hun, 468; affd., 125 N. Y. *supra*.) There was, however, the substitutionary gift in the event of Edmund's death before his mother that operated upon his power of disposition and affected the right of transmission in any other way than as directed in the will. Hence, nothing passed under the laws of Colorado, since, at the time of Edmund's death his interest was not absolute but subject to the provisions of the will which directed that it should pass to his next of kin, who were entitled to share in his other personal estate under the Statute of Distributions.

The statute referred to as the guide was, doubtless, the statute of this state, since it cannot be supposed that the testatrix, who was domiciled here, intended that the final distribution of the remainders should be made according to the statute of some other state. Of course, the statute which she had in mind when the will was made was the statute of this state.

The case then is this : Letitia, the mother, was entitled to a life estate in the fund with remainder to Edmund, her only child, but as the latter died before his mother and, therefore, before the time for distribution, the remainder went to his next of kin, who were entitled to share in the distribution of his other personal property under the laws of this state. It remains only to identify these persons according to the directions of the will. That direction was that in the event of Edmund's death before the fund was payable to him, that is to say, before the death of his mother, then it should be paid to his next of kin in the same manner that his personal estate would be distributed under the statute of this state. Therefore the case is the same as if Edmund had been domiciled and had died in this state. When a person dies here intestate, without issue, leaving a widow and a mother, but no father, one-half of his personal estate passes to the widow and the other half to the mother or her personal representatives. It is legally impossible in such a case to distribute the personal estate according to the statute and at the same time ignore the widow, and, since the learned courts below have awarded it all to the mother or rather to her administrator in Colorado, it would seem to be a plain violation of the directions of the will. That result was reached by giving controlling effect to the words " next of kin" and no effect whatever to the words which follow and qualify that term. Of course, in the primary and strict legal sense the widow is not the next of kin of her husband, nor is the husband the next of kin of his deceased wife ; but the testatrix used other words which showed that she intended to use the term in the statutory and not in the common-law sense. When the testatrix used this language Edmund was ten years old, and it would be unreason-

able to suppose that she did not contemplate the possibility of his marriage in the near or distant future and his death without issue, leaving a widow to be provided for. It is plain, therefore, that the decisions below cannot be sustained unless we are compelled to give to the words "next of kin" their narrowest meaning and to ignore the important words that follow.

The learned courts below have, doubtless, found some color of authority for these views in certain cases which are cited. (*Murdock* v. *Ward*, 67 N. Y. 387; *Luce* v. *Dunham*, 69 N. Y. 36.) In regard to these cases it may be observed generally that the qualifying language was not so clear and explicit as that found in the present will. Moreover, the court found in the facts surrounding the disposition a clear indication that the testatrix could not reasonably have intended to include the widow within the scope of the language used. But in this case all the circumstances point in a contrary direction. The most conclusive answer, however, is to be found in the later utterances of this court on the question. In *Betsinger* v. *Chapman* (88 N. Y. 487) this court held that the words "next of kin entitled to share in the distribution of the estate" included the widow of a deceased person. No substantial difference can be found in the language of the statute in that case and the language of the will in this case. The words are as broad in the one case as in the other. It would be very difficult to state any good reason for giving a meaning to the words of a statute when used by lawmakers presumptively familiar with legal terms that is broad and liberal and when the same words are used by a layman in his will a meaning which is narrow and technical. If in the nature of things any distinction is to be made it should be in favor of the words used in the will. Judge ANDREWS, who spoke for the court, called attention to the earlier cases and remarked that they construed the words according to their strict legal definition and added: "But in the construction of wills, statutes, or other written instruments, the intention is the controlling consideration, and words of description will be held

to include subjects to which they are not strictly applicable, if it appears from the context, or other circumstances which may be legitimately referred to, that such inclusion was intended, and this was conceded in the cases cited." He also called attention to the fact that primarily the husband, in popular, though inaccurate, speech was said to be next of kin to his wife, and conversely, the wife the next of kin to the husband, and that in *Schuyler* v. *Hoyle* (5 Johns. Ch. 206), Chancellor KENT said that the wife's choses in action vest in the husband, by the Statute of Distributions, " as her next of kin," and that similar language was used in the case of *Whitaker* v. *Whitaker* (6 Johns. 112). It is impossible to read this case without finding in it a clear indication that the court intended to adopt a broader construction of the words " next of kin," when followed by a reference to the statute in such terms as are found in this will than was given in the earlier cases referred to. The case was in some respects a clear departure from the adherence to strict legal definitions which controlled in these cases.

But there is still a more recent case in this court that is very instructive upon this question. The strict legal meaning of the words " next of kin " is not clearer or better settled than the legal import of the words " personal representatives." The latter words almost universally mean executors or administrators, and yet in an action between an administrator and the widow and children of a deceased person, involving the right to money payable by the terms of a policy of insurance to the " legal representatives " of the deceased, it was held that the money belonged not to the administrator, but to the widow and children. (*Griswold* v. *Sawyer*, 125 N. Y. 411.) Here again the court abandoned the technical legal meaning of terms and took a broader view of the case, based upon the intention of the deceased when he procured the policy. So that in any reasonable view of this case the widow of the remainderman came within the scope of the provisions of the will as one of the persons entitled ultimately to share in the fund. It is proper to observe that the broader meaning is the

one adopted by the English courts when, by the terms of a will, personal property ultimately devolves upon "next of kin" or "heirs." These words in such cases are construed to mean distributees (*Withy* v. *Mangles*, 10 Clark & Fin. 215; *Evans* v. *Salt*, 6 Beavan, 266; *Jacobs* v. *Jacobs*, 16 id. 557; *In re Newton's Trusts*, L. R. [4 Eq. Cas.] 171; *In re Steevens' Trusts*, 15 id. 110; *Wingfield* v. *Wingfield*, L. R. [9 Ch. Div.] 658), and the same meaning is given to these words by the courts of many of our sister states when used in a will or other instrument with respect to the succession to personal property under such instruments. (*Sweet* v. *Dutton*, 109 Mass. 589; *McGill's Appeal*, 61 Pa. St. 46; *Ely's Appeal*, 84 id. 241; *Welch* v. *Crater*, 32 N. J. Eq. 177; *Freeman* v. *Knight*, 2 Ired. Eq. 72; *Croom* v. *Herring*, 4 Hawks, 393; *Corbitt* v. *Corbitt*, 1 Jones Eq. 114; *Alexander* v. *Wallace*, 8 Lea, 569; *Collier* v. *Collier*, 3 Ohio St. 369.)

The order appealed from should be modified by directing that one-half of the fund be distributed to the widow and the other half to the administrator of the mother, with costs to the administrator in this court and to the widow in all the courts, payable out of the fund.

PARKER, Ch. J., GRAY, HAIGHT and WERNER, JJ., concur with CULLEN, J.; BARTLETT, J., concurs with O'BRIEN, J.

Order affirmed.