(68 Misc. Rep. 207.)

### NESTER et al. v. NESTER et al.

(Supreme Court, Equity Term, Ontario County. June, 1910.)

1. WILLS (§ 509*)—CONSTRUCTION—"NEXT OF KIN."

A will provided for a trust in part of testator's residuary estate on termination of a trust for the lives of two sons, and provided that the income therefrom should be paid in annuities to his widow and a third son, and that any surplus income from such portion, as well as from the remainder of his residuary estate, should be divided among his next of kin then living, except the third son. *Held*, that it will not be inferred that testator intended to include his widow among his next of kin, but will be inferred that he intended that each of his children and the descendants of deceased children, if any, should take the same pro-

portionate share that each would take, had testator died intestate leaving no widow and no third son.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1103–1105; Dec. Dig. § 509.*]

2. WILLS (§ 509*)—CONSTRUCTION—NEXT OF KIN.

Where testator's wife was many years younger than he, and he showed in his will that he contemplated the possibility of her remarriage, and did not deprive her of her dower rights, which were considerable, it will not be inferred that he intended to include her among his next of kin in the final disposition of the capital of his estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1103–1105; Dec. Dig. § 509.*]

3. EXECUTORS AND ADMINISTRATORS (§ 123*)—POWERS OF DIFFERENT EXECUTORS—INFERENCE FROM PROVISION IN WILL FOR SALARIES.

That a testator provides in a will for salaries for two of his executors, who receive nothing under his will, and no such provision is made to the other executors, evidences no intent that the executors to whom salaries were given should have the principal charge and control of the estate, and that their decisions, where differences arise between them and their associates, should be controlling.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 123.*]

4. WILLS (§ 782*)—CONSTRUCTION—REQUIREMENT OF ELECTION BY WIDOW.

Where a will does not contain any provision contemplating or requiring testator's widow to elect between benefits under the will, which are not large in proportion to the estate and her dower, no such intent will be imputed to testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. § 782.*]

Action by Minnie J. Nester and others against Harold A. Nester and others for construction of a will. Will construed.

See, also, 118 N. Y. Supp. 1009.

Plaintiffs are the widow and four adult children of the late Samuel K. Nester, and they bring this action against Harold A. Nester, the infant son, James N. Rawleigh and others, the infant grandchildren, and the executors of his last will and testament, and the trustees of the trusts therein and the legatees, for a judicial construction of said will and codicils, and adjudging the same to be invalid and void as respects all the provisions thereof, except the pecuniary bequests to testator's sisters, and that as respects the rest of his estate testator died intestate, or, in the alternative, if any of the trust provisions thereof are held to be valid, that the extent and duration of the same be determined and adjudged, and the trustees directed as to the proper performance of their duties in respect thereof and as to the compensation said trustees are entitled to receive.

Evarts, Choate & Sherman (Thos. T. Sherman, of counsel), for plaintiffs.

Charles A. Hawley (Dennis F. O'Brien and Edwin A. Nash, of counsel), for defendants Sanford and David S. Nester.

James R. Knapp, for defendants Gerber & Acker, Minnie J. Nester, Sylvia M. Rawleigh, and Byron M. Nester.

C. Monteith Gilpin, guardian ad litem for infant defendants James N. Rawleigh, Carol J. Rawleigh, Howard W. Nester, and Albert T. Nester.

Lewis T. Keyes, guardian ad litem for infant defendant Harold A. Nester.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FOOTE, J. I am now (upon the settlement of the findings) asked to rule upon certain questions not discussed in my written opinion. (See 118 N. Y. Supp. 1009.)

The plaintiffs request a finding to the effect that, in disposing of the excess income and profits derived from the capital of the estate given in trust by the seventh item of the will, over and above the specific amounts directed to be paid by the seventh and tenth items to the beneficiaries therein named, it was the intention of the testator that his wife should be included among the persons designated by the words "my next of kin" as used in the ninth and tenth items in respect to the disposition of such excess income and profits, and that, in disposing of the remainder interests in the capital of the estate given in trust by the seventh item, it was the intention of the testator that his wife should be included among the persons designated by the words "my next of kin," as used in the tenth item in respect to the disposition of such remainder interests.

In support of this request, the learned counsel for the plaintiffs contends that, unless the testator's widow was intended to be included by the words "next of kin," then there would be an intestacy as to the share of the income and the residuary estate which would otherwise go to her, and that, as the presumption is that the testator intended to dispose of his entire estate and as that can only be done by including the widow as one of the "next of kin," the will itself indicates that such was his intention.

An examination of the provisions of the will under which this question arises will, I think, show that the testator did not intend his widow to be included by the words "my next of kin."

By the seventh item of the will a general trust is created of his residuary estate, real and personal, to last during the lives of his sons Byron and Samuel, or until the youngest should attain the age of 26 years, and from the income is directed to be paid certain fixed sums annually to his children and for taxes and insurance upon this property, two of these provisions being as follows:

(a) "To pay to my said wife for her own use the sum of three thousand dollars a year."

(i) "To pay to my son Daniel Delano each year during that time, if he shall live so long, the sum of six hundred dollars in monthly payments of fifty dollars each."

By the ninth item it is provided as follows:

"If, during the duration of the trust created by the above seventh item of this will, there should be produced in any year by the property given my executors in trust by that item, in rents, income and profits of the business I have authorized my executors as such trustees to conduct, a sum of money in excess of the aggregate sums I have directed to be paid therefrom annually, after paying the expenses of the execution of said trust, I direct my said trustees to annually distribute such excess to and among my next of kin then living, except my son Daniel Delano, so that each one of them shall take the same proportional share thereof that he or she would be entitled to receive of my personal estate had I died intestate."

By the tenth item, the testator directs that, upon the termination of the general trust created by the seventh item, the executors should set apart and continue to hold in trust enough of principal to produce

an income to continue the payment to his wife of $3,000 per year during the remainder of her life, and to his son Daniel Delano the sum of $600 per year during the remainder of his life, and the remainder of the principal of this general trust he directs his executors to—

"distribute to and among my next of kin, except my said son Daniel Delano, so that each shall take the same proportional share thereof that he or she would be entitled to take of my personal estate had I died intestate."

Then, in case the property set apart to produce the annuity of $3,000 for his widow and $600 for his son Daniel Delano should yield more than sufficient to pay those annuities, he further provides that:

"After taking out the expenses of executing said trust, such excess shall annually be distributed to and among my next of kin, except my son Daniel Delano, in the manner hereinbefore directed as to other property directed to be distributed."

Having in mind that at the termination of the general trust his wife and his son Daniel Delano might not be living, the testator makes for that contingency the further direction, as follows:

"And in such case all the property remaining of my estate * * * shall be distributed to and among my next of kin then living in the manner hereinbefore directed as to other property directed to be distributed."

The argument for the plaintiffs is that the testator has shown an intention to limit the share of each of his next of kin to the proportionate share which each would have received had he died intestate, both as to income and principal. If this were so, then not only is the share which the widow would have taken in case of intestacy disposed of, but likewise the share which the son Daniel Delano would have received. In using the expression "my next of kin," he is careful in each case to exclude his son Daniel Delano by name, showing a clear intent to limit this son to the $600 annuity in all contingencies.

Bearing in mind the presumption that the testator intended to dispose of all his estate, it does not seem reasonable to assume that he expected the exclusion of Daniel Delano from a share would result in leaving that share undisposed of. If not, then his intention clearly was that each of his children, and the descendants of deceased children, if any, should take the same proportional share that each would take had he died intestate leaving no widow and no son Daniel Delano. Such was the construction given to the sixth clause of the will in the case of Luce v. Dunham, 69 N. Y. 36. That clause was as follows:

"All the rest, residue and remainder of my estate, real and personal, present and hereafter to be acquired, and wherever situated, I give, devise and bequeath, and do desire and will that the same shall be divided among my heirs and next of kin in the same manner as it would be by the laws of the state of New York had I died intestate."

The testator left no real estate except such as was specifically devised. He left a widow, a sister and three half-sisters, and no children, and the question was whether the residue of the estate went exclusively to the sisters as next of kin, or whether the widow was entitled to share, and it was held that she was not; and, in the course of the opinion of the court by Rapallo, J., it was said (page 43):

"A provision directing generally that on the decease of a testator his personal property be distributed as provided by statute in case of intestacy

124 N.Y.S.—62

would, of course, entitle the widow to be included in the distribution, though not specially mentioned; but where the distributees are, by the terms of the will, confined to the next of kin of the testator, effect must be given to that restriction, and the reference to the statute, or to the laws, merely affords the rule of distribution among the next of kin as if there were no widow."

Such also was the construction in the case of Platt v. Mickle, 137 N. Y. 106, 32 N. E. 1070, of the following provision of the will of Rachel Miller:

"I give, devise and bequeath all said one-fourth part of said rest and residue of said trust estate * * * to such person or persons as shall then be the heirs at law and next of kin of my said grandson George Benjamin respectively, in such parts, shares and proportions as, having regard to the form in which the said estate shall then exist, such heirs and next of kin would have been then respectively entitled thereto and therein by law, if my said grandson had been seized thereof in fee simple as an inheritance of the part of his mother, or possessed of the same, and he had died intestate and they had inherited or become entitled thereto from my said grandson George Benjamin Mickle."

George Benjamin Mickle left him surviving a widow and two children, and the question was whether his widow was entitled to share under the terms of the will, or whether the whole of this one-fourth part went to his two children. The case was tried before the late Justice Abraham R. Lawrence, who decided, not only that the widow was not entitled to share, but that the two children were entitled to the whole of this one-fourth interest, notwithstanding the provisions of the will that they should take only such parts, shares, and proportions as they would have been respectively entitled to had their father, George Benjamin Mickle, died intestate possessed of the same. This judgment was affirmed by the Court of Appeals; and, although the question is not discussed in the opinion of Judge Gray as to whether the share which the widow would have taken in case of intestacy should be treated as undisposed of, still the question was involved and necessarily determined.

It will be seen that the language of the will in that case was even more definite and specific than in our will, fixing the exact share or interest to be distributed to the next of kin.

These cases, I think, must be deemed to have overruled the decision of this court in Knickerbacker v. Seymour, 46 Barb. 198, where it was held that a trust instrument, which provided that on the death of the life tenant the trustee should "account for what remains to his heirs at law and next of kin * * * in the manner and proportions prescribed by the statutes of descent and distribution of this state in cases of persons who die intestate," should be construed as intending to exclude the widow as one of the next of kin, as, otherwise, the share which the widow would thus take would be undisposed of.

That the phrase "next of kin," used in the will, should not be construed to include the widow, except where the instrument clearly indicates such an intent, is firmly settled in this state, as will be seen by reference to the cases of Murdock v. Ward, 67 N. Y. 387; Keteltas v. Keteltas, 72 N. Y. 312, 28 Am. Rep. 155; Tillman v. Davis, 95 N. Y. 17, 47 Am. Rep. 1; Matter of Devoe, 171 N. Y. 281, 63 N. E. 1102, 57 L. R. A. 536.

I find nothing in this will which indicates such an intent. On the contrary, the fact that the testator provided for continuing the annuity of $3,000 per year to his wife after the termination of the general trust and the division of his residuary estate suggests the inference that he did not expect his widow to receive the large sum which would be the widow's distributive share. At the date the will was made, his wife (now his widow) was 36 years of age, while he was 20 years older. He contemplated the possibility of her remarriage, as appears from the provision naming her as executrix so long only as she remained unmarried; but he did not deprive her of her right of dower in his real estate, which was considerable.

Plaintiffs request a finding that testator intended the decision of a majority of his executors to be controlling in case differences arose in respect to the matters resting in their discretion as to the administration and management of the estate, while defendants contend that the fixing of salaries for the two executors David S. Nester and Montgomery S. Sanford, while the other executors are required to serve without commissions or compensation, shows an intention on the part of the testator that these two executors should have the principal charge and control of the management of the estate, and that their decision in cases where differences arise between them and their associates should be controlling.

The circumstance that these two executors are given salaries for their services was due, no doubt, to the fact that they received nothing under the will and had no interest to lead them to serve without compensation, while the other executors share in the estate, and hence have such an interest in its administration that they may well be willing to serve without compensation.

I find nothing in these circumstances, or in any other provision of the will, indicating that the powers and duties of these executors, when acting as such or as testamentary trustees, were intended by the testator to be other or different from the case of executors and testamentary trustees in general, as to which it does not seem proper or necessary to attempt to make here a definition or formulate a rule.

Counsel for plaintiffs, including the widow, request a finding that the provisions of the will for the benefit of the widow were intended by the testator to be in lieu of dower. No reasons are suggested for this interpretation or authorities cited to support it. The will makes no reference to the subject of dower; and, apparently, it was overlooked. There is certainly no provision of the will which contemplates or requires that the widow should be put to her election as between benefits which she receives under the will, which are not large in proportion to the size of the estate, and her dower; and I find no reason for giving the will such a construction.

Counsel upon both sides request a finding that the remainder of the testator's residuary estate vested upon his death in the individuals who were then his next of kin. This question was not much considered at the trial, nor have I since been favored with the views of counsel upon it. I have examined this question with some care, and have concluded to adopt this construction of the will as probably conforming most nearly to the testator's intention, although there is plainly

room for the construction that, there being no words of gift, except in the direction to distribute, the gift is future and the vesting postponed.